431 F.2d 22
 Nancy SHUTTE, Administratrix of the Estate of Richard K. Schutte, Deceased, Petitioner,
v.
ARMCO STEEL CORPORATION (Defendant and Third-Party Plaintiff).
ACE DORAN HAULING & RIGGING COMPANY, a corporation (Defendant),
v.
TIPPINS MACHINERY COMPANY, Inc., a Pennsylvania corporation (Third-Party Defendant), and
Belger Cartage Service, Inc., a foreign corporation (Third-Party Defendant), Respondents,
Honorable Edward Dumbauld, United States District Judge, Nominal Respondent.
 No. 18753.
 United States Court of Appeals, Third Circuit.
 Argued June 16, 1970.
 Decided August 14, 1970.
 
 John E. Evans, Jr., Evans, Ivory & Evans, Pittsburgh, Pa., for petitioner.
 Edward A. Mihalik, Weis & Weis, Pittsburgh, Pa., for respondents.
 Before McLAUGHLIN, STALEY and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 GERALD McLAUGHLIN, Circuit Judge.
 
 
 1
 This matter is before the court on plaintiff administratrix's petition for a writ of mandamus. Petitioner requests us to direct the nominal respondent, a district court judge, to vacate his order of February 16, 1970, transferring this diversity action, pursuant to 28 U.S.C.A. § 1404(a), from the Western District of Pennsylvania to the Western District of Missouri at Kansas City.
 
 
 2
 * The use of the mandamus power conferred on this court by the All Writs Act, 28 U.S.C.A. § 1651, can be the indicated remedy to correct an erroneous transfer. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (3 Cir. 1962); 2 ALR Fed. 573. As Professor Moore has commented:
 
 
 3
 "Rulings as to the legal meaning of § 1404(a) have generally been made in prerogative writ proceedings and the consensus of opinion is generally to the effect that such procedure is warranted in a proper case." 1 Federal Practice, § 0.147, 1968 (1964).
 
 
 4
 * * * * * *
 
 
 5
 "Circuits have recognized that their power of review by a prerogative writ includes the situation where there is a clear abuse of discretion." Id. at 1969.
 
 II
 
 6
 Section 1404 of the Judicial Code, Title 28 of the United States Code, reads, in pertinent part, as follows:
 
 
 7
 "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district * * * where it might have been brought." (Emphasis supplied.)
 
 
 8
 The transfer order in this instance simply recited that it was the district court's conclusion that "* * * such transfer is appropriate for the convenience of parties and witnesses in the interest of justice, in light of the circumstances of the case." No mention was made of Subsection 1404(a)'s limiting provision to the effect that a transfer is authorized by the statute only if the plaintiff had an "unqualified right" to bring the action in the transferee forum at the time of the commencement of the action; i. e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants. Van Dusen v. Barrack, supra; Hoffman v. Blaski, supra. Prior to ordering a transfer the district court must make a determination that the suit could have been rightly started in the transferee district. Jones v. Valley Welding Supply Company, 303 F.Supp. 9 (W.D.Pa.1969). If there is a "real question" whether a plaintiff could have commenced the action originally in the transferee forum, Leyden v. Excello Corporation, 188 F.Supp. 396 (D.N.J.1960), it is evident that he would not have an unqualified right to bring his cause in the transferee forum.
 
 
 9
 The district court's transfer order neither reflects a determination that venue and in personam jurisdiction were proper for this case in the Western District of Missouri, nor even intimates that the limiting provision of Subsection 1404(a) was considered by the court. Needless to say, the entry of an order which does not enunciate sound prerequisite determinations motivating a district judge to order a transfer in any particular litigation renders this court a disservice. In addition, since the district court did not hold the requested hearing in the matter, we do not have the benefit of a transcript which would facilitate our review of its exercise of discretion in this situation.
 
 III
 
 10
 Our necessary de novo review of the relevant factors before us leads to the unmistakable conclusion that although venue could have been had in the Western District of Missouri wherein the alleged tortious conduct complained of took place, 28 U.S.C.A. § 1391(a), there is a very real question whether plaintiff could have obtained jurisdiction in Missouri over co-defendant Ace Doran Hauling & Rigging Company, an Ohio corporation. Ace Doran's position is that the plaintiff's action against it is not transferable.
 
 
 11
 Rule 4(e), Fed.R.Civ.P., provides that plaintiff herein, in attempting to bring defendant Ace Doran before the United States District Court for the Western District of Missouri would have to obtain service of process in accordance with the state long-arm statute. — Defendant Armco Steel is actively engaged in business in Missouri's Western District, and was servable there.
 
 
 12
 Missouri does have a long-arm statute, enacted by the legislature in 1967, Sections 506.500-520 Vernon's Annot.Mo.Statutes, which might possibly subject Ace Doran to in personam jurisdiction in the transferee forum. However, when this matter was before the court below the legality of that statute had not been adjudicated, and there were strong doubts as to its validity. As to this, both sides rely on a law review article analyzing the statute "Expanding Permissible Bases of Jurisdiction in Missouri: The New Long-Arm Statute," 33 Mo.L.Rev. 248 (Spring 1968). The author of that article suggested the following doubts:
 
 
 13
 "Exactly how far the statute authorizes Missouri courts to extend jurisdiction and yet remain consistent with the requirements of due process is an open question. * * * Unfortunately, the effort to liberalize jurisdiction over nonresidents may be frustrated by the overly conservative interpretation given to International Shoe by the Missouri courts in the past." At 251.
 
 
 14
 With substantial doubt cast upon the validity of the then new Missouri long-arm statute it is impossible to accept what must have been the finding of the district court that plaintiff had an "unqualified right" to bring her action against Ace Doran in the transferee district.
 
 IV
 
 15
 In reviewing the overall circumstances of this appeal, it is clear that the district court's determination that "* * * such transfer is appropriate for the convenience of parties and witnesses and in the interests of justice * * *" is unfounded; hence, the transfer of the cause under the circumstances was an abuse of discretion.
 
 
 16
 It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice "* * * should not be lightly disturbed." Ungrund v. Cunningham Brothers, Inc., 300 F.Supp. 270, 272 (S. D.Ill.1969). In accord with that sound doctrine, one district court recently correctly observed: "The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted." Handlos v. Litton Industries, Inc., 304 F.Supp. 347, 352 (E.D.Wis.1969). The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, Everprest, Inc. v. Phillips-Van Heusen Corp., 300 F.Supp. 757 (M.D.Ala.1969), and "* * * unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." Owatonna Manufacturing Company v. Melroe Company, 301 F.Supp. 1296, 1307 (D.Minn.1969). (Emphasis supplied.)
 
 
 17
 Applying these principles, the plain facts preclude the transfer which was made. Those facts are: Plaintiff and her decedent were residents of Western Pennsylvania, the decedent worked in Western Pennsylvania, and all of plaintiff's damage and expert liability witnesses resided in Western Pennsylvania. The accident did occur in the transferee district, but it is no more difficult for defendant Armco to bring its three employee liability witnesses to Pittsburgh than it would be for plaintiff to bring her several witnesses to Missouri. Actually, the converse is obvious. The one possible liability Armco-witness not in its employ (Baldwin) seemingly is not now in either Missouri or Pennsylvania, but rather can be located in New Mexico. Finally, any suggestion that trying this claim in Missouri would facilitate the court's "view" of the premises is at the least far-fetched; the accident concerned a heavy piece of machinery which tumbled from a tractor-trailer truck, both of which have been long gone from the scene, although defendant Armco apparently made photographs of that equipment roughly contemporaneously with the mishap. Under the facts, it is inconceivable that "the convenience of parties and witnesses" strongly weighed in favor of a transfer of the action out of plaintiff's rightfully chosen forum. — As the Supreme Court stated in its Barrack opinion, supra, 376 U.S. at 633-634, 84 S.Ct. at 817:
 
 
 18
 "There is nothing * * * in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue."
 
 
 19
 In view of the foregoing, a writ of mandamus, as prayed for by the petition, will issue directing the respondent judge to vacate and set aside the transfer order of February 16, 1970.