**BURROUGHS WELLCOME CO.,**
**Plaintiff,**

v.

**GIANT FOOD, INC., et al.,**
**Defendants.**

Civ. A. No. 74–194.

United States District Court,
D. Delaware.

April 18, 1975.

Andrew B. Kirkpatrick, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Donald Brown, Sewell P. Bronstein, Esquire, and John D. Woodberry, of Dike, Bronstein, Roberts, Cushman & Pfund, Boston, Mass., for plaintiff.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, Del., Robert F. Rolnick, and Aaron L. Handelman, of Danzansky, Dickey, Tydings, Quint & Gordon, Washington, D. C., for defendants.

## OPINION

STAPLETON, District Judge:

This is an action asserting claims for trademark infringement under the federal trademark statute, common law trademark infringement, and unfair competition. The plaintiff, Burroughs Wellcome Company ("Burroughs") complains that defendants, Giant Food, Inc., Giant of Virginia, Inc. and Giant of D. C., Inc. (sometimes collectively "Giant") have interfered with its rights in the

trademark "Empirin" under which Burroughs markets an analgesic preparation. The matter currently before the Court is Giant's motion to transfer this case to the United States District Court for the District of Maryland.

The statute governing changes of venue in actions brought in the federal courts, 28 U.S.C. § 1404(a), provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, in order to obtain a transfer, a defendant must show both (1) that the action might have been brought in the proposed transferee district, and (2) that the convenience of parties and witnesses and the interests of justice require that the action be transferred to the proposed transferee district.

As to whether the present action "might have been brought" in the District of Maryland, the controlling statute, 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

The residence of the corporation for venue purposes is defined in 28 U.S.C. § 1391(c), which provides:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Since all the defendants in this case are conceded to be Delaware corporations, the question is whether all the defendants are either licensed to do business or are "doing business" in Maryland.

Defendants assert without contradiction that the corporate offices of all three corporations are located in Landover, Maryland.[1] Moreover, it is asserted without contradiction that the corporate policies for all three defendants are formulated totally at the corporate offices in Landover.[2] Plaintiff, tacitly conceding the accuracy of these assertions, points out that Giant of Virginia and Giant of D. C. are not registered to do business in Maryland and avers that it brought this action in Delaware in good faith, on the belief that this was the only jurisdiction in which the defendants could be simultaneously sued.[3]

■■ The location of defendants' offices and records in Landover together with the fact that all the business policies of the defendants are established there is sufficient to establish that this suit could have been brought in Maryland. The continuous exercise of a corporation's important executive functions within a judicial district will support a claim that a defendant is "doing business" in the district for venue purposes. See Lightner v. Pilgrim Paper Corp., 152 F.Supp. 504, 506 (S.D.N.Y.1957); Pickthall v. Anaconda Copper Mining Company, 73 F.Supp. 694, 698 (S.D.N.Y.1947).

Thus, we must inquire whether the convenience of the parties and witnesses and the interests of justice require that the suit be brought in Maryland. At the outset, we are faced with a dispute over the proper standard to be applied. Burroughs understandably relies on the standard enunciated by the Third Circuit in Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (1970) cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971):

> It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any deter-

---

1. Affidavit of Lawrence P. Solomon, File Document No. 12, at ¶ 3.

2. *Id.* at ¶ 4.

3. Affidavits of Andrew Kirkpatrick, File Document No. 10 at ¶ 3 and Donald Brown, File Document No. 11 at ¶ 2.

mination of a transfer request, and that choice '* * * should not be lightly disturbed.' . . . In accord with that sound doctrine, one district court recently correctly observed: 'The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted.' . . . The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, . . . and '* * * unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.' . . . (Emphasis supplied).

Giant argues, however, that this standard does not apply when the plaintiff has selected a district which neither is plaintiff's home base nor has any connection with the facts underlying the controversy.

■ While *Shutte* was a case where the plaintiff has selected his "home turf", this Court reads the quoted statement of "black letter law" as an across-the-board rule favoring plaintiff's choice of forum.[4] This does not mean, however, that, in a case like the present one, plaintiff's choice of forum will necessarily have the same impact that it would in a "home turf" type of case. Where the forum selected by plaintiff is connected neither with the plaintiff nor with the subject matter of the lawsuit, meeting the burden of showing sufficient inconvenience to tip the "balance" of convenience "strongly in favor of defendant" will ordinarily be less difficult.

In the present case, for example, Burroughs is headquartered in North Carolina and its claims allegedly arose in Maryland, Virginia and the District of Columbia. It is, therefore, not surprising that Burroughs has been unable to show that litigation of this case in Baltimore rather than Wilmington would pose any added burden either on its own people or on its third party witnesses. As a result, if Giant were able to show that any significant added burden would be imposed upon it or its witnesses by trial in Wilmington rather than Baltimore, or any other significant "interests of justice" factor favoring Baltimore, it would be entitled to a transfer. Giant has failed to make such a showing, however.

■ The only inconvenience which Giant claims it will suffer if this action remains in Delaware is the added time and expense required to transport witnesses and documents to Wilmington as compared with Baltimore. For a number of reasons the Court finds Giant's showing on this point insufficient.

Giant has failed to specify the witnesses it intends to call and to detail how their testimony will relate to the issues in the case. As a result, the Court is unable to gauge in any accurate way the scope of the burden which would be placed on Giant by trial in this Court.[5] Even assuming, however, that the presentation of Giant's case will require a number of witnesses from its own organization, and taking Landover, Maryland, as suggested by Giant, as the appropriate common starting point, this

4. The court's decision in *Shutte* to give weight to the plaintiff's choice of forum is not an application of any of the criteria recited in the statute. Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer. One can perhaps debate whether plaintiff's choice should be given any weight at all in a transfer context, but assuming it is to be given some weight in cases where the plaintiff lives in the forum state, it is difficult to see why it should not also be given weight when the plaintiff lives in a neighboring state. As noted in the text, plaintiff's contact or lack thereof with the forum district will ordinarily be reflected in the "balance" of conveniences, but that contact, *per se*, is unrelated to anything in *Shutte*, or Section 1404(a).

5. Compare Scott Paper Co. v. Scott's Liquid Gold, Inc., 374 F.Supp. 184, 191 (D.Del. 1974); Development Co. of America v. Insurance Company of North America, 249 F. Supp. 117, 119 (D.Md.1966).

Court cannot conclude that traveling the relatively few extra miles to Wilmington will prove an undue burden. The driving distance from Landover to the Federal Courthouse in Baltimore is 36.3 miles; the driving distance to this Courthouse is 91 miles. In terms of driving *time*, the added burden, given the character of the driving involved,[6] is undoubtedly less than an hour. No matter which forum is selected, defendants will not have the convenience of litigating on its own doorstep. Some witness and record transportation will be necessary in either event. In this context, the limited added burden to defendants from trial in Wilmington is simply not significant. Given these facts, defendants' unsupported assertion that its business affairs would be "substantially interrupted" by a trial in Wilmington is unpersuasive.

With regard to the "interests of justice", Giant contends that it plans to call "an as yet undetermined number of customers" to testify regarding the product confusion issue.[7] Giant then points out that, since many of defendants' customers reside in the District of Columbia and Virginia, they would not be subject to compulsory process of this Court. See Federal Rules of Civil Procedure, Rule 45(e)(1). I find this argument unpersuasive for two reasons. First, Giant does not represent that it actually anticipates forcing unwilling consumers to appear at trial to testify on its behalf and past experience would indicate that its doing so is unlikely. Moreover, Giant concedes that numerous customers who have purchased its "Exprin" reside in Maryland and are within this Court's subpoena power and I perceive no reason why the testimony of these witnesses would not be fungible with that of the District of Columbia and Virginia customers.

For all the foregoing reasons the Court concludes that the defendants have not carried their burden under *Shutte* of showing that the balance of the appropriate interests weighs strongly in their favor and thus their motion to transfer must be denied.

Submit order.

---

6. I. e., metropolitan versus rural.

7. Affidavit of Aaron Handelman, File Document No. 7 at ¶ 5.