GENERAL INSTRUMENT CORPORATION, Plaintiff,

v.

MOSTEK CORPORATION, Defendant.

Civ. A. No. 75–356.

United States District Court, D. Delaware.

July 12, 1976.

John A. Elzufon, Killoran & Van Brunt, Wilmington, Del., Harold James, and Robert L. Epstein, James & Franklin, New York City, for plaintiff.

John R. Bowman, Connolly, Bove & Lodge, Wilmington, Del., John P. Pinkerton, Worsham, Forsythe & Sampels, Dallas, Tex., for defendant.

## OPINION

STAPLETON, District Judge.

This is an action by General Instrument Corporation against Mostek Corporation alleging infringement of eight of plaintiff's patents which relate to the method of manufacturing integrated circuits and to the structure of electrical components which utilize integrated circuits. Defendant has moved to transfer this action pursuant to 28 U.S.C. § 1404(a) to the Northern District of Texas. Plaintiff opposes such a transfer.

Plaintiff is a Delaware corporation with its main offices in New York City and Clif-

ton, New Jersey. Its semi-conductor activities which are at issue in this suit are centered in Hicksville, New York, which is located on Long Island approximately forty-five minutes by car from Manhattan. Defendant is a Delaware corporation with its principal place of business and the site of its semiconductor activities in Carrollton, Texas, a twenty minute ride by car from the Dallas federal courthouse. All of defendant's allegedly infringing activities occur in its Carrollton, Texas plant.

Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Plaintiff does not dispute that this suit could have been brought in the Northern District of Texas. Rather, plaintiff asserts that the balance of convenience to the parties and witnesses and the interests of justice do not weigh "strongly in favor" of transfer[1] and consequently the motion should be denied. I disagree.

At the outset I should note that I do not agree with defendant that its burden of demonstrating that transfer is appropriate is anything less than the standard enunciated in *Shutte* that the balance of convenience must be strongly in favor of defendant. *Shutte* mandates a balancing process where the relative convenience to plaintiff and defendant of litigating in the present forum as opposed to the transferee forum is weighed. Because plaintiff's choice of forum is to be favored, defendant must demonstrate that the balance weighs strongly in favor of transfer for the motion to be granted under Section 1404(a). *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761 (D.Del.1975).

It stands to reason, however, that in a case such as this one, where the plaintiff has not brought suit on its "home turf", the

1. *Shutte v. Armco Steel Corp.*, 431 F.2d 22 at 25 (3rd Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

convenience to plaintiff of litigating in its choice of forum is not as great as it would be were it litigating at or near its principal place of business or the site of the activities at issue in the lawsuit. Thus the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff. Defendant's burden of proof is no less where plaintiff is litigating away from its home turf. It is simply easier for defendant to meet that burden in such situations.

As this Court stated in *Burroughs Wellcome Co. v. Giant Food, Inc., supra* at 763:

> While *Shutte* was a case where the plaintiff has selected his "home turf", this Court reads the quoted statement of "black letter law" as an across-the-board rule favoring plaintiff's choice of forum. This does not mean, however, that, in a case like the present one, plaintiff's choice of forum will necessarily have the same impact that it would in a "home turf" type of case. Where the forum selected by plaintiff is connected neither with the plaintiff nor with the subject matter of the lawsuit, meeting the burden of showing sufficient inconvenience to tip the "balance" of convenience "strongly in favor of defendant" will ordinarily be less difficult. (footnotes omitted)

I am convinced that defendant has met its burden and that this action should be transferred to the Northern District of Texas.

Plaintiff has essentially admitted that it would be inconvenient for it to litigate this case in Wilmington.[2] The added inconvenience to plaintiff if this action were transferred to Dallas appears to me to be minimal.

All of the personnel who are connected to plaintiff's semiconductor operations are located in Hicksville, New York. It is unreasonable to think that plaintiff's officers and witnesses would be able to commute on a daily basis from Hicksville to trial in Wilmington. Thus, the actual inconvenience to plaintiff of transferring this action consists of the additional expense and time involved in traveling to Dallas instead of Wilmington. I agree with defendant that in the context of this multi-patent litigation the additional expense is minimal. The additional travel time of approximately two or two and one-half hours[3] while admittedly posing some inconvenience to plaintiff, would not appear to be significantly more burdensome.

Moreover, all of plaintiff's documents which may be relevant to this litigation are located either in Manhattan, New Jersey, Massachusetts or Hicksville, New York, the majority in Hicksville.[4] To the extent the documents have to be transported at all, there can be no more inconvenience, other than nominal costs, involved in sending these documents to Dallas as opposed to Wilmington.

In sum, given that plaintiff would have to move its personnel and records from New York no matter which district this suit is tried in, it seems appropriate in weighing the balance of convenience to the parties to measure the marginal inconvenience to

---

**2.** See affidavit of Harold James submitted in support of plaintiff's brief in opposition to defendant's motion to transfer:

> I selected Wilmington because it was an eminently proper place to bring this suit—Defendant is incorporated in Delaware, as is Plaintiff—and because, *while not the optimum location for Plaintiff* from the point of view of convenience, it was *not really inconvenient* to Plaintiff, and was *the forum least inconvenient to Plaintiff* which was also incontrovertibly proper with respect to Defendant. (emphasis added)

**3.** Total travel time between Hicksville, New York and Dallas is approximately five to five and one-half hours. Total travel time between Hicksville, New York and Wilmington is approximately three hours.

**4.** The affidavit of plaintiff's counsel did indicate the *possibility* that a portion of the relevant documents might be somewhere in Pennsylvania, near Philadelphia. The affidavit is less than certain on this point and in any case these documents as well would have to be shipped between their location in Pennsylvania and the courthouse even if the action were not transferred.

plaintiff which would result from transferring the case to a more distant forum.[5] I find that marginal inconvenience to be minimal.

 On the other hand, it would be overwhelmingly more convenient for defendant to try this case in Dallas as opposed to Wilmington. Carrollton, Texas, just outside of Dallas, is the site of defendant's allegedly infringing activities. All of defendant's documents are located there as are the personnel whose presence at trial will be needed by defendant. These personnel include at least two of defendant's officers and two of its chief engineers. If trial were held in Dallas these officers and employees would be able to conduct company business while the trial was going on in view of the negligible distance between the courthouse and defendant's facilities in Carrollton.[6]

Defendant has demonstrated to my satisfaction that the balance of convenience weighs strongly in favor of transfer.[7] Defendant's motion will be granted.

Submit order.

---

5. See e. g., *Burroughs Wellcome Co. v. Giant Food, Inc., supra,* at 764 where I evaluated defendants' assertion that the original forum was inconvenient by analyzing the marginal inconvenience to defendants that would result from trying the suit in the original district as opposed to the transferee district:

> No matter which forum is selected, defendants will not have the convenience of litigating on [their] own doorstep. Some witness and record transportation will be necessary in either event. In this context, the limited added burden to defendants from trial in Wilmington is simply not significant.

This statement is equally applicable with respect to the plaintiff in the case at bar.

6. At oral argument plaintiff's counsel stressed the fact that defendant was incorporated in Delaware in support of plaintiff's contention that the action should not be transferred from this District. However, as Chief Judge Latchum pointed out in *Kaiser Industries Corp. v. Wheeling-Pittsburgh Steel Corp.,* 328 F.Supp. 365 at 369 (D.Del.1971):

> [T]he mere fact that Delaware is the plaintiffs' choice of forum and the defendant's state of incorporation will not, standing alone, prevent this Court from transferring the suit to another forum. *Jahncke Service, Inc. v. OKC Corp.,* 301 F.Supp. 866, 868 (D.Del.1969); *Glickenhaus v. Lytton Financial Corp.,* 205 F.Supp. 102, 106 (D.Del.1962).

7. Plaintiff has cited no considerations which suggest that in the "interests of justice" this action should not be transferred to Dallas. Defendant, on the other hand, asserts that trying this case in Dallas would permit jury views of defendant's facilities and its allegedly infringing processes. In addition defendant points to statistics indicating that three to five months less time is required to dispose of cases in the Northern District of Texas than in the District of Delaware. In the context of this particular case, I give no weight to either of these contentions and, accordingly, base my decision solely on the relative convenience of the parties and the witnesses.