Emmanuel A. DARAMOLA, Plaintiff,

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant.**

Civ. A. No. 88–2358.

United States District Court,
W.D. Pennsylvania.

Oct. 25, 1990.

Daniel W. Ernsberger, Pittsburgh, Pa., for plaintiff.

J.W. Montgomery, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiff, Emmanuel A. Daramola (Daramola), brought this action in the Western District of Pennsylvania against defendant, Westinghouse Electric Corporation (Westinghouse) claiming discrimination in employment in violation of 42 U.S.C. § 2000e (Title VII). Subject matter jurisdiction is proper before this court pursuant to 28 U.S.C. § 1331 which grants district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

On the 18th of July, 1990, Daramola filed a Motion to Transfer to the United States District Court in Baltimore, Maryland. Such motion is governed by 28 U.S.C. § 1404(a), which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The burden is on Daramola to establish facts supporting the motion to transfer. A balancing of proper interests must weigh heavily in favor of the transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). In considering a motion to transfer, the court must weigh four factors: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process of attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and (4) practical considerations which will make trial of the case easy, expeditious and inexpensive. *Erie Press Systems v. Shultz Steel Co.,* 548 F.Supp. 1215 (W.D.Pa.1982).

Prior to the examination of the four factors, it must be determined whether the proposed transferee district is one in which the action "might have been brought." [1] Under 28 U.S.C. § 1391(b), venue in a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose. Westinghouse, a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

Daramola fails to meet the threshold requirement for a transfer under section 1404(a) of Title 28, that the action "might have been brought" in the District Court in the District of Maryland. First, the claim arose in Allegheny County, Pennsylvania, within the Western District of Pennsylvania. Secondly, there has been no showing by Daramola that Westinghouse was subject to personal jurisdiction in the United States District Court for the District of Maryland.

Though Daramola's failure to meet the requisite requirement for transfer makes it unnecessary to go any further, we will address the four factors which must be considered by the Court.[2] First, and foremost, Daramola chose the proper forum when he filed his complaint in the Western District of Pennsylvania. Though he now contends that his life is in danger in Pennsylvania, all of the threats and personal disputes recited by Daramola occurred prior to the filing of this complaint. All of the factors of which Daramola now claims as reasons for transfer were within his knowledge at the time of his filing of the complaint. Daramola should not now be permitted to transfer from the very forum which he chose to initiate the action.

In considering the second and third factors, it is most obvious that the Western District of Pennsylvania is the proper forum. All pertinent documents are located in Pittsburgh, and therefore are easily accessible to the court. All witnesses, except for Daramola, reside in the western Pennsylvania area and transferring this case to Maryland is certain to curtail compulsory process.

1. See 28 U.S.C. § 1404(a).

2. Daramola has failed to address any of the factors, but taking into account he presented his motion *pro se,* the court will independently consider such factors.

Finally, the practical considerations which will make the trial easy, expeditious and inexpensive do not weigh in favor of transfer. A transfer at this point would not only mean certain delay in bringing the action to trial, but would also mean a great inconvenience to the witnesses. This court is not persuaded that the balancing of the proper interests weighs in favor of the transfer.

Thus the motion to transfer this action to the United States District Court for the District of Maryland, shall be denied.