**INSURACORP, INC., Plaintiff,**

v.

**AMERICAN FIDELITY ASSURANCE COMPANY, Defendant.**

**No. 95–D–1467–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 13, 1996.

Charles A. Dauphin, Mary Margaret Bailey, Birmingham, AL, for plaintiff.

John M. Bolton, III, Philip H. Butler, Montgomery, AL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

This matter is now before the court on the defendant's motion, filed January 5, 1996, to transfer venue to the Western District of Oklahoma, or in the alternative, to the Middle District of Georgia, Athens Division. The plaintiff responded in opposition on January 23, 1996. For good cause shown, the defendant's motion to transfer venue to the Western District of Oklahoma is due to be granted.

### PROCEDURAL HISTORY AND FACTS

This action arises from an alleged breach of an agency agreement entered into by the parties on February 8, 1992. Under the terms of this agency agreement, the plaintiff, Insuracorp, Inc., agreed to solicit applications for and service the products it developed for the defendant, American Fidelity Assurance Company, in any jurisdiction in which Insuracorp was licensed and in which the insurance products could be legally sold. American Fidelity, in return, agreed to pay Insuracorp commissions based on the amount of premiums paid to and received by American Fidelity for the insurance Insuracorp had solicited. The parties agreed that the terms of the agency agreement would be governed by the laws of the state of Oklahoma.

On November 15, 1995, Insuracorp filed the instant action alleging that American Fidelity breached the agency agreement by failing to pay Insuracorp the commissions required by the agreement, by failing to expand the program to all states in which American Fidelity does business, and by failing to exclude the insurance products sold in Alabama from the present contract. Insuracorp also alleges that American Fidelity fraudulently represented that it would increase the number of states in which Insuracorp's products were sold from four states to all fifty states in which American Fidelity did business in exchange for Insuracorp's decision to reduce its commissions due on the sale of the insurance. Thereafter, American Fidelity filed this motion to transfer venue.

### DISCUSSION

28 U.S.C. § 1404(a) allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Prather v. Raymond Constr. Co.*, 570 F.Supp. 278, 284 (N.D.Ga.1983); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994).

Under normal circumstances, federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The court faced with a motion to transfer must engage in "an individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A district court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. July 13, 1981) (quoting *Gulf*

*Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). More importantly to this case:

> where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Prather v. Raymond Constr. Co.,* 570 F.Supp. 278, 284 (N.D.Ga.1983) (quoting *Burroughs Wellcome Co. v. Giant Food, Inc.,* 392 F.Supp. 761, 763 (D.Del.1975)).

Insuracorp is a Georgia corporation doing business in Alabama. Insuracorp sold approximately twenty-nine percent of the business generated from the agreement with American Fidelity in the state of Georgia, which represented the largest block of business. Aff. of Warren Collins at ¶ 17. American Fidelity is headquartered in Oklahoma City, Oklahoma. *Id.* at ¶¶ 3 & 5. American Fidelity's corporate and accounting offices are also located in Oklahoma City. *Id.* The company markets life and health insurance products and services in forty-six states and the District of Columbia, and often contracts with licensed independent agents and managing general agents to market those products and services. *Id.* Moreover, American Fidelity has no significant contacts in Alabama related to this case. Although Alabama is one of the states in which Insuracorp sold American Fidelity insurance products, only five percent of this business came from the state of Alabama. In fact, American Fidelity's presence in Alabama is unrelated to Insuracorp's allegations of breach of contract and fraudulent misrepresentation. *Id.* at ¶ 17. Also, all the agreements, documents and correspondence which form the basis of this dispute originated out of Oklahoma or Georgia.

▓▓ The most important factor in passing on a motion to transfer under § 1404(a)

is the convenience of the witnesses. *Hupp v. Siroflex of America, Inc.,* 848 F.Supp. 744, 749 (S.D.Tex.1994). Here, the court finds that the majority of witnesses will be American Fidelity Oklahoma based employees.[1] Therefore, the convenience of the majority of witnesses favors transfer of this action to Oklahoma. *See Ross,* 980 F.2d at 654–55 (holding that in an employment discrimination action, the court properly transferred a case to the venue in which the employer's plant, employment records, and probable witnesses were located); *Intergraph Corp. v. Stottler, Stagg & Assocs., Inc.,* 595 F.Supp. 976 (N.D.Ala.1984). The court also finds it noteworthy to mention that the median time to trial in the Western District of Oklahoma is two months less than in this district. As such, transfer of this case to the Western District of Oklahoma will not cause undue delay.

The parties agree that Oklahoma law governs this case. As such, the court recognizes that "there is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle problems in conflicts of laws and in law foreign to itself." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *see also Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns,* 689 F.2d 982, 991 (11th Cir.1982). The court is persuaded that as a practical matter, a district court located in Oklahoma and routinely applying Oklahoma law can more appropriately apply such law than a district court located in another state.

In light of the fact that most of the documents and material witnesses are located within Oklahoma City, Oklahoma, and that Oklahoma law governs this case, the plaintiff's "choice of forum is outweighed by the public interest in assuring that 'localized controversies are decided at home.'" *Prather,* 570 F.Supp. at 284 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). Based on the foregoing, the court finds that the interests

---

1. American Fidelity provided the court with a list of its key witnesses and a summary of their anticipated testimony.

of justice and the convenience of the parties require that this case be transferred to the Western District of Oklahoma. *See Ross,* 980 F.2d at 654–55.

Accordingly, it is CONSIDERED and ORDERED that the defendant's motion to transfer be and the same is hereby GRANTED to the extent that this cause is transferred to the United States District Court for the Western District of Oklahoma.

The Clerk of the Court is DIRECTED to take the necessary steps to effect said transfer.