**ENDLESS POOLS, INC., Plaintiff,**

v.

**WAVE TEC POOLS, INC., Defendant.**

**Civil Action No. 04–4725.**

United States District Court,
E.D. Pennsylvania.

March 16, 2005.

Brett A. Schlossberg, Greenberg Traurig, LLP, Philadelphia, PA, for Plaintiff.

Glenn E. Davis, Buckley, Nagel, Brion, McGuire, Morris & Sommer, LLP, Exton, PA, for Defendant.

### ORDER AND MEMORANDUM

DuBOIS, District Judge.

### ORDER

**AND NOW,** this 16th day of March, 2005, upon consideration of Defendant's Motion to Dismiss Plaintiff's Suit for Lack of Personal Jurisdiction and Improper Venue (Document No. 4, filed), Plaintiff Endless Pools, Inc.'s Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Suit for Lack of Personal Jurisdiction and Improper Venue (Document No. 9, filed January 12, 2005), and the related submissions of the parties, for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Suit for Lack of Personal Jurisdiction and Improper Venue is **DENIED.**

**IT IS FURTHER ORDERED** that a Preliminary Pretrial Conference will be scheduled in due course.

### MEMORANDUM

## I. INTRODUCTION

Plaintiff, Endless Pools, Inc. ("Endless Pools"), commenced this action against Wave Tec Pools, Inc. ("Wave Tec") pursuant to the Lanham Act, 15 U.S.C. § 1125, for trademark infringement, use of false designations of origin and false representations in commerce, cyberpiracy, and common law trademark infringement and unfair competition. Wave Tec filed a Motion to Dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons set forth below, Wave Tec's Motion to Dismiss is denied.

## II. FACTS[1]

Plaintiff, a Pennsylvania corporation, is a manufacturer of counter-current swimming pools and water exercise machines. Defendant, a Texas Corporation with its principal place of business in Georgetown, Texas, manufacturers counter-current swimming pools and exercise machines similar to those manufactured by plaintiff.

On October 7, 2004, plaintiff filed a Complaint against Wave Tec alleging that Wave Tec adopted the confusingly similar mark, "Infinite Pools," to identify its directly competitive counter-current swimming pools and water exercise machines in order to capitalize on Endless Pools goodwill and reputation. (Comp.¶ 9, 10). Plaintiff also alleges in the Complaint that Wave Tec purchased "Endless Pools" as a keyword from various Internet search engines and uses the term "endless swim" as a *meta-tag* in the source code of its website in an effort to divert customers searching for plaintiff's website to defendant's website. Finally, in its Response to the Motion to Dismiss plaintiff alleges that as part of "Wave Tec's scheme to capture Endless Pools' notoriety and customer base," Wave Tec hired a former Endless Pools employee, Steven Harad, as a sales representative in the eastern region of the

---

1. The facts recounted in this Memorandum are taken from the Complaint as well as the documents submitted by plaintiff in response to the present motion. When considering a motion to dismiss, "the court may consider documents which are attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel." *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir.2002) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered.").

United States, which includes plaintiff's home state of Pennsylvania.

Presently before the Court is defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. Wave Tec contends that it does not have the requisite contacts with the State of Pennsylvania to subject it to personal jurisdiction and that the case should be dismissed or transferred to the Western District of Texas.

## III. STANDARD OF REVIEW

■ Rule 4(e) of the Federal Rules of Civil Procedure "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the laws of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir.1998). Pennsylvania's long arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." *Id.*

■ A court may obtain personal jurisdiction over a defendant in one of two ways. First, general jurisdiction is established when the defendant has engaged in "systematic and continuous" contacts with the forum state and the exercise of jurisdiction is "reasonable." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Second, specific jurisdiction exists when the "claim is related to or arises out of the defendant's contacts with the forum." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir.1990).

■ Once a defendant has filed a motion to dismiss for lack of personal jurisdiction, burden rests on the plaintiff to prove that jurisdiction exists in the forum state. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir.1998). When considering the motion, the court construes any factual averments and resolves all doubts in the plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir.2002).

## IV. DISCUSSION

### A. Personal Jurisdiction

### 1. General Jurisdiction

To obtain general jurisdiction over a corporation in Pennsylvania, the corporation must either (1) be incorporated in Pennsylvania or licensed as a foreign corporation in the Commonwealth, (2) consent to jurisdiction, or (3) carry on a "continuous and systematic part of its general business" within the Commonwealth. 42 Pa. Cons. Stat. § 5301(a)(2)(2004).

Wave Tec, a Texas corporation, is not licensed to conduct business in Pennsylvania, nor did it consent to jurisdiction in this matter. Therefore, the only possible basis for exercising general jurisdiction over Wave Tec is that it maintained a "continuous and systematic" presence in Pennsylvania.

■ In analyzing whether Wave Tec is subject to general jurisdiction, "the Court should consider whether defendant's activities in the forum are extensive and pervasive and are a continuous and central part of defendant's business." *Automated Med. Prods. Corp. v. Int'l Hosp. Supply Corp.*, 1998 WL 54351, at *3, 1998 U.S. Dist. LEXIS 1231, at *8 (E.D.Pa. Jan. 29, 1998) (DuBois, J.) (citing *Provident Nat'l Bank v. California Fed. Savings and Loan Ass'n*, 819 F.2d 434, 438 (3d Cir.1987)). "Factors the Court should consider in this analysis include: the nature and quality of business contacts the defendant has initiated with the forum; direct sales in the forum, maintenance of a sales force in the state, [and] advertising targeted at the residents of the forum state." *Id.*

■ Plaintiff argues that Wave Tec's contacts with Pennsylvania have been continuous and systematic, enabling the Court to exercise general jurisdiction. In support of this contention, plaintiff cites the following activities: (1) Wave Tec hired a Pennsylvania resident and former Endless Pools employee, Steven Harad, as a sales representative; (2) through Harad, Wave Tec maintains a physical presence in Pennsylvania; (3) Harad works out of his Pennsylvania-based home office; (4) Harad has contacted 4–6 customers in the Philadelphia region; (5) Harad uses a Wave Tec provided cell phone with a Pennsylvania area code; and (6) Harad provided at least one estimate to a Pennsylvania resident, resulting in the sale of one of defendant's swimming pools.

Based on these facts, the Court concludes that Wave Tec has not maintained the "continuous and systematic" contacts with Pennsylvania necessary for the Court to exercise general jurisdiction over it. Wave Tec only began conducting business in Pennsylvania when it hired Harad—more than one month after Endless Pools instituted this action. Since that time, Wave Tec has contacted only 4–6 Pennsylvania residents and completed one sale to a Pennsylvania resident. Moreover, Wave Tec does not maintain a bank account in Pennsylvania and does not directly advertise in Pennsylvania—Pennsylvania residents can only view Wave Tec advertisements on its website and nationally distributed television commercials.

Because Wave Tec does not have a long-standing presence in Pennsylvania, the Court will not exercise general jurisdiction over defendant in this case. *See Provident Natl. Bank v. Ca. Fed. Savings & Loan Assn.*, 819 F.2d 434, 437 (3d Cir.1987) ("Mere minimum contacts are not enough to establish general jurisdiction. The nonresident's contacts to the forum must be continuous and substantial.")(internal citations omitted); *see also Lesser & Kaplin, P.C. v. Am. Ins. Co.*, 723 F.Supp. 1099, 1102 (E.D.Pa.1989) (finding insufficient contacts for general jurisdiction even though defendant "may have occasionally solicited bids from Pennsylvania contractors, may have entered into contracts with a few of these firms, may have sold bonds indirectly to Pennsylvania residents, and may have advertised in publications of general circulation which find their way into Pennsylvania").

### 2. *Specific Jurisdiction*

Specific jurisdiction arises when a plaintiff's claim is related to or arises out of the defendant's contacts with the forum. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir.2004). On this issue, the Pennsylvania long-arm statute extends jurisdiction to any person who "causes harm or tortious injury in the Commonwealth by an act or omission outside the Commonwealth." 42 Pa. Cons.Stat. Ann. 5322(a)(4). This provision is often referred to as the "tort out / harm in" provision.

■ In this case, although Wave Tec's alleged conduct occurred outside Pennsylvania, the Court concludes that personal jurisdiction over Wave Tec can be maintained because plaintiff suffered injury in Pennsylvania, thus satisfying the requirements of § 5322(a)(4). However, the determination that Pennsylvania's long-arm statute extends jurisdiction to Wave Tec does not end the inquiry. After it has been determined that § 5322(a)(4) applies, the Court must then determine (1) whether the defendant has sufficient minimum contacts with the forum state; and (2) whether the exercise of personal jurisdiction comports with the notions of far play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Pennzoil*, 149

F.3d at 202–03 ("We cannot presume that jurisdiction is proper simply because the requirements of a long-arm statute have been met ... a court must engage in due process analysis after it concludes that a state's long-arm statute extends jurisdiction to a defendant.").

Minimum contacts is a "fair warning" requirement of due process that "is satisfied if the defendant has purposely directed its activities at residents of the forum," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and availed itself of the privilege of doing business in the state. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Courts are to "take into account the relationship among the forum, the defendant and the litigation in order to determine whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221–222 (3d Cir.1992) (internal quotations omitted). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller*, 384 F.3d at 96.

Turning to the facts of this case, Harad, one of two Wave Tec's sale representatives nationwide, is based in Pennsylvania. Harad is the only sales representative assigned to solicits business in Pennsylvania. Wave Tec, through its Pennsylvania-based sales representative, contacted Pennsylvania residents, resulting in at least one sale to a Pennsylvania resident. *See World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297–98, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (it is reasonable to subject a party to personal jurisdiction in a forum state where sales arise from the efforts of the manufacturer or distributor to directly or indirectly serve the market); *Asahi Metal Industry Co. v. Superior Court of Cal.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ("marketing the product through a distributor who has agreed to serve as the sales agent in the forum State" is "additional conduct of the defendant" which may "indicate an intent or purpose to serve the market in the forum State.") Furthermore, Wave Tec, in using a name that might be found to be confusingly similar to that of plaintiff's and hiring one of plaintiff's former employees, assumed the risk that harm would likely result to plaintiff in its home state of Pennsylvania.

The Court concludes that this conduct demonstrates that Wave Tec purposefully availed itself of the privilege of conducting business in Pennsylvania and that the exercise of jurisdiction over Wave Tec in this forum is not the result of "random," "fortuitous," or "attenuated" contacts. *Burger King*, 471 U.S. at 463, 105 S.Ct. 2174. Wave Tec deliberately directed its actions toward Pennsylvania and Endless Pools, a Pennsylvania corporation. Accordingly, Wave Tec has the requisite minimum contacts with Pennsylvania.

Wave Tec argues that its conduct in Pennsylvania after the date the Complaint was filed should not be considered for the purposes of establishing personal jurisdiction. If only pre-Complaint conduct is considered, Wave Tec contends that "plaintiff's jurisdictional facts are basically non-existent as the hiring of Steven Harad and all related contacts by Mr. Harad occurred after November 8, 2004, some five weeks after the [Complaint] was filed." (Reply at 4, n. 2). The Third Circuit has not announced a bright-line rule establishing a temporal framework for the minimum contacts analysis. After a careful examination of the current case law on this issue, the Court finds the decision

in *Ed. Testing Serv. v. Katzman*, 631 F.Supp. 550 (D.N.J.1986), persuasive. In that case, the court held that the filing of suit is not "some watershed mark" after which the defendant's activities should not be considered. In so holding, the court stated:

Once a defendant has been served with a complaint, he is on notice that he may be subject to jurisdiction in that forum ... To use the date of the filing of a complaint in most cases seems appropriate so that a defendant may not avoid liability by removing himself from the jurisdiction. However, that moment in time should not be graven in stone particularly where, as here, the defendant has subsequent to the filing of a complaint established a continuous and systematic presence in the forum state. To permit the filing of a complaint to limit jurisdiction by immunizing a defendant's future actions in the forum state when those actions are a mere continuation of those underlying the complaint would make no sense. *Id.* at 556.

Similarly, in this case, plaintiff alleges a continuing infringement of plaintiff's trademark, reputation, and goodwill. Under these facts, the Court concludes that the appropriate time frame for assessing defendant's minimum contacts with the forum state includes pre- and post-Complaint contacts. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562–1563 (Fed.Cir.1994) (holding that in a case involving an alleged continuing infringement, contacts with the forum after the events giving rise to the litigation were relevant to determine the existence of specific jurisdiction because "it would be arbitrary to identify a single moment after which defendant's contacts with the forum necessarily become irrelevant"). This determination is also in accordance with the decision in *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1224 (3d Cir.1992),

in which Third Circuit rejected defendant's argument that the minimum contacts determination should be limited to pre-contract contacts. On that issue, the court held that the minimum contacts inquiry may include events occurring before, during, and after the events giving rise to the cause of action. *Id.*

Having established that Wave Tec has sufficient minimum contacts to make it amenable to suit in Pennsylvania, the Court must inquire whether plaintiff's claims "arise out of" or "relate to" Wave Tec's contacts with Pennsylvania. *Dollar Sav. Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir.1984). The Third Circuit recently declined to establish a specific rule regarding what level of relationship is necessary under the "arise out of or relate to" requirement. *Miller*, 384 F.3d at 99–100. Instead, district courts are directed to "approach[ ] each case individually and take[ ] a realistic approach to analyzing a defendant's contacts with a forum." *Id.* (internal citations omitted); *see Pennzoil*, 149 F.3d at 203.

■■■ The Court recognizes that "the mere operation of a commercially interactive website" does not subject Wave Tec to jurisdiction anywhere in the world. For the Court to exercise personal jurisdiction over Wave–Tec for its Internet-based activities, there must be evidence of some contacts in addition to the fact that the Wave Tec's website is accessible in the forum state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir.2003) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir.1997)) (there must be "something more" beyond the mere posting of a website "to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state."). In determining whether the exercise of juris-

diction in this case is appropriate, the Court may consider Wave Tec's related non-Internet activities. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir.2003) (citing *Euromarket Designs, Inc. v. Crate and Barrel Ltd.*, 96 F.Supp.2d 824 (N.D.Ill.2000)) (in suit alleging trademark infringement, defendant's non-Internet contacts supported specific jurisdiction over defendant's Internet activities).

■ Applying a "realistic approach," the Court concludes that Wave Tec's non-Internet related contacts with Pennsylvania are sufficient to support jurisdiction. Wave Tec had significant contacts with Pennsylvania in addition to any contacts generated by its website. By employing a Pennsylvania-based sales representative and contacting Pennsylvania residents, Wave Tec deliberately solicited and transacted business in Pennsylvania. *See Toys "R" Us, Inc*, 318 F.3d at 453. These facts demonstrate the "something more" necessary to establish personal jurisdiction. *Id.* at 454. Under these circumstances, Wave Tec should have reasonably anticipated being haled into court in Pennsylvania. *Burger King*, 471 U.S. at 474, 105 S.Ct. 2174. Based on this evidence the Court concludes that plaintiff's claims for trademark infringement, cyberpiracy, and unfair competition arise out of Wave Tec's contacts with Pennsylvania.

■ Having found the requisite minimum contacts, the Court must consider whether the exercise of specific jurisdiction over Wave Tec comports with notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "The determination of the reason-

ableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors. A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154. "To defeat jurisdiction based on this fairness inquiry, a defendant must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Miller*, 384 F.3d at 97 (quoting *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174).

Applying these factors, the Court concludes the exercise of jurisdiction over Wave Tec comports with traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154. Plaintiff, a corporation with its principal place of business in Pennsylvania, has an interest in obtaining relief in a convenient forum of its choice. In addition, Pennsylvania has a strong interest in providing a forum for the resolution of disputes of its residents and protecting its residents from the type of conduct which plaintiff alleges caused harm in Pennsylvania. Furthermore, Wave Tec has failed to satisfy its heavy burden in demonstrating that the exercise of jurisdiction would be unreasonable. *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 483 (3d Cir.1993). Therefore, the Court's concludes that the exercise of specific jurisdiction in the instant case is appropriate and comports with the due process requirements imposed by *International Shoe* and its progeny.

For all of the foregoing reasons, the Court will exercise specific jurisdiction over Wave Tec. Wave Tec's Motion to Dismiss for lack of personal jurisdiction is denied.[2]

---

**2.** Wave Tec also argues that it is not amenable to suit in Pennsylvania because the "ef-

fects test" announced in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804

## B. *Venue*

■ Wave Tec also argues that venue is not proper in the Eastern District of Pennsylvania and that the case should be dismissed or transferred to the Western District of Texas. Because this action is based on federal question jurisdiction, 28 U.S.C. § 1391(b) is the controlling general venue statute. Section 1391(b) states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

The Court concludes that venue is proper pursuant to § 1391(b)(2). Under § 1391(b)(2), the test for determining venue is "the location of those events or omissions giving rise to the claim." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). As the discussion above on personal jurisdiction demonstrates, a substantial part of the events giving rise to plaintiff's causes of action

occurred in Pennsylvania. Moreover, if plaintiff's trademark is found to be infringed as alleged, the injury will largely be felt in Pennsylvania. In light of these facts, the Court concludes that the Eastern District of Pennsylvania is a proper venue for this action.

■ Wave Tec moves, in the alternative, to transfer venue to the Western District of Texas. Section 1404(a) provides for the transfer of a case to another district where it might have been brought "for the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). "Although Section 1404(a) gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F.Supp.2d 747, 749 (E.D.Pa.1998).

The party seeking to transfer the case has the burden of establishing the need for transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). In the Third Circuit, a plaintiff's choice of forum is a paramount concern in deciding a motion to transfer venue and should not be lightly disturbed. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d. Cir.1970). In particular, when a plaintiff chooses his home forum the choice is entitled to great deference. *See Piper Aircraft Co. v. Rey-*

(1984), is not satisfied. Because the Court has concluded that Wave Tec has sufficient minimum contacts with Pennsylvania to subject it to specific jurisdiction, the Court need not address the *Calder* effects test as a basis for jurisdiction. However, the Court notes that courts have exercised personal jurisdiction under *Calder* in trademark infringement and cyberpiracy actions where defendants have deliberately registered an infringing trademark on the Internet in an attempt to syphon business from plaintiffs. *See e.g., Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824 (N.D.Ill.2000) (finding per-

sonal jurisdiction where defendant registered plaintiff's domain name "crateandbarrel-i.e.com" in an attempt to capitalize on plaintiff's business); *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 89 F.Supp.2d 1154 (C.D.Cal.2000) (finding personal jurisdiction where defendant's website exploited plaintiff's goodwill by profiting from consumer confusion); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir.1998) (finding personal jurisdiction where defendant deliberately registered the domain name for the purposes of extortion and with the effect of injuring the plaintiff in the forum state).

*no,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

In this case, the Court declines to disturb plaintiff's choice of forum. The following factors support this decision: Wave Tec uses the allegedly infringing mark in soliciting customers in Pennsylvania, *see Cottman Transmission,* 36 F.3d 291 at 294 ("a cause of action for trademark infringement occurs where the passing off occurs"); any damages plaintiff has sustained due to Wave Tec's alleged infringement of its trademark and the goodwill associated with that mark occurred and continues to occur in Pennsylvania, *see One World Botanicals v. Gulf Coast Nutritionals,* 987 F.Supp. 317, 327 (D.N.J. 1997); *Indianapolis Colts v. Metro. Balt. Football Club Ltd. P'ship,* 34 F.3d 410, 412 (7th Cir.1994) (finding that trademark infringement is a tort-like injury and a substantial amount of the injury from the alleged infringement was likely to occur in plaintiff's home forum); it is not unduly harsh or inconvenient to require the parties and witnesses to travel to Pennsylvania; and Pennsylvania has a strong interest in protecting plaintiff, a Pennsylvania corporation, from the alleged trademark infringement and unfair competition. These factors weigh heavily against transfer of venue to Texas.

Wave Tec argues that initiating suit in Pennsylvania was merely a litigation tactic by plaintiff to unnecessarily increase the costs of Wave Tec's defense. (Reply at 11). This contention fails to meet Wave Tec's burden of proving the need for transfer and does not override the deference that this Court must give to the plaintiff's choice of forum. *Shutte,* 431 F.2d at 25 ("[U]nless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.") (emphasis in original). Conse-

quently, defendant's motion to transfer venue is denied.

## V. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Plaintiff's Suit for Lack of Personal Jurisdiction and Improper Venue is denied.