Garlon R. PHILLIPS, Plaintiff,

v.

S. GUMPERT COMPANY,
INC., Defendant.

No. C–C–85–575–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 5, 1986.

William L. Rikard, Jr., H. Carey Strickland, III, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., for plaintiff.

Lawrence Hewitt, Berry, Hogewood, Edwards & Freeman, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER was heard before the undersigned on January 31, 1986 at Charlotte, North Carolina on the Defendant's Motion to transfer this action pursuant to 28 U.S.C. § 1404(a).[1] The Defendant was represented by Lawrence W. Hewitt, Attorney at Law. The Plaintiff was represented by H. Carey Strickland, III and William L. Rikard, Jr., Attorneys at law.

The Plaintiff, Garlon R. Phillips, is a resident of Louisiana and a former employee of the Defendant in North Carolina. The Defendant, S. Gumpert Co., Inc., is a New York corporation with its principal place of business in Jersey City, New Jer-

---

1. The Defendant's counsel informed the Court at the hearing that the Defendant had decided to abandon its Motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

sey. It has been doing business continuously in this District at all times relevant to this lawsuit.

During the first half of 1984, two officers of the Defendant approached the Plaintiff in Louisiana about working in North Carolina as a sales representative for the Defendant. The Plaintiff alleges that he entered an employment contract with the Defendant through a series of correspondence. According to the Plaintiff, the contract provided that the Defendant would employ the Plaintiff as a sales representative for a fixed term of two years at an annual salary of $65,000.00; pay him $10,000.00 annually in expenses; assign him the territory of North Carolina, South Carolina, and Virginia; and pay the cost of his move from Louisiana to Charlotte, North Carolina.

Nineteen weeks after the Plaintiff moved to Charlotte and assumed his position as the Defendant's sales representative, the Defendant allegedly reduced the Plaintiff's salary by a substantial amount. After the Plaintiff protested, the Defendant allegedly terminated his employment.

Upon receiving notification of the reduction in his salary, the Plaintiff consulted counsel in Charlotte about the matter. He continued to consult with and to assert his rights through his Charlotte counsel in attempts to resolve the dispute without litigation. After his termination and after it had become evident that his dispute with the Defendant could not be resolved without litigation, the Plaintiff returned to Louisiana.

Since he had already spent considerable time and effort conferring with the North Carolina attorneys he had engaged when the dispute first arose, the Plaintiff decided that this District would be the most convenient forum for his lawsuit. In addition, a number of the witnesses he plans to call live in or near this District, making this forum more convenient for them and enabling the Plaintiff to compel the attendance of some of those who may be unwilling to appear. Those witnesses include customers on whom the Plaintiff called while employed by the Defendant and the sales representative the Plaintiff was hired to replace but who remained in his position when the Defendant unilaterally changed its plans.

The Defendant disagrees with the Plaintiff's assessment of the convenience of this forum, and seeks pursuant to 28 U.S.C. § 1404(a)[2] to have the case transferred to a district closer to its principal place of business in New Jersey, i.e., the Southern District of New York. The Defendant contends that it would be no less convenient for the Plaintiff to conduct his litigation in New York since he is no longer a North Carolina resident, and that it would be much more convenient for the Defendant to litigate in New York. The Defendant points out that its cost of litigation would be reduced if the case were transferred to New York, as it would no longer require the services of North Carolina counsel in addition to its regular general New York counsel. The Defendant further states that none of its witnesses reside in North Carolina, but rather within close proximity to the courthouse for the Southern District of New York. It maintains that there would be easier access to documentary evidence if the case were litigated in the Southern District of New York, since the documents relevant to this action are located in the Defendant's corporate office in Jersey City, New Jersey.[3] Finally, the Defendant claims that a transfer would be appropriate because the Western District of North Carolina has no interest in this lawsuit at this point in time.

A defendant carries a particularly heavy burden when it moves pursuant to § 1404(a) to transfer an action from a dis-

---

**2.** 28 U.S.C. § 1404(a) provides:
  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**3.** The Defendant's counsel admitted at the hearing, however, that the "relevant documents" consisted of a few letters, which would not be burdensome to transport.

trict where venue is proper. As this Court has noted previously,

> it is "black letter law", that " 'a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed.' "

*Western Steer—Mom 'N' Pops, Inc. v. FMT Investments, Inc.*, 578 F.Supp. 260, 265 (W.D.N.C.1984) (quoting *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 374 F.Supp. 184, 191 (D.Del.1974) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971)). The Defendant must make a clear showing that the balance of factors bearing on the convenience of witnesses, the convenience of parties, and the interests of justice weighs strongly in its favor. *Morehead v. Barksdale*, 263 F.2d 117 (4th Cir.1959). If a transfer would merely shift the inconvenience from the Defendant to the Plaintiff, or if the equities lean but slightly in favor of the Defendant after all factors are considered, the Court should not disturb the Plaintiff's choice of forum. *See Milliken & Company v. Federal Trade Commission*, 565 F.Supp. 511, 517 (D.S.C.1983); *Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826, 831 (N.D.Ga. 1970).

The Defendant has failed to show that the balance of convenience for the parties and witnesses or the balance of equities weighs heavily in its favor. In addition, the interests of justice dictate that the case be litigated in this District. While the Southern District of New York would be a proper forum because the Defendant does business there, it has little, if any, interest in this case in that none of the contract negotiations or performance of the contract occurred there. In contrast, the Plaintiff was obligated to perform his job as sales representative from his home base in Charlotte, North Carolina, and the contract was allegedly breached while he was working for the Defendant in this District. Since the cause of action arose here, the Western District of North Carolina has a much more substantial interest in this litigation than does the Southern District of New York. Further, as the Plaintiff noted at the hearing, the case probably would not reach trial for another two years in the Southern District of New York due to the heavy caseload there. The Western District of North Carolina is not currently suffering from as heavy a caseload, and, therefore, this action undoubtedly would be scheduled for trial long before it would be set for trial in the Southern District of New York.

Since the Defendant has not met its burden of establishing that there should be a change of forum, its Motion to transfer pursuant to 28 U.S.C. § 1404(a) should be *DENIED.*

IT IS SO ORDERED this 4th day of February, 1986.