John ATARI, Plaintiff,

v.

Bruce McNEAL; FTB, LLC, d/b/a Speedee Oil Change and Tune Up; and G.C. & K.B. Investments, Inc., d/b/a Speedee Oil Change and Tune Up of the Gulf Coast, Defendants.

No. 1:00CV56–C.

United States District Court,
W.D. North Carolina,
Asheville Division.

May 16, 2000.

--------

Robert E. Dungan, Asheville, NC, for Plaintiff.

Albert L. Sneed, Jr., W. Kevin McLaughlin, Jr., Van Winkle, Buck, Wall, Starnes, Asheville, NC, for Defendant.

## ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendants' Motion to Transfer Venue, plaintiff's Motion for Entry of Voluntary Dismissal with Prejudice as to Plaintiff's Seventh Claim for Relief: Unfair and Deceptive Trade Practices, and plaintiff's Motion to Remand.[1] Defendants removed this action from the North Carolina General Court of Justice, Superior Court Division, for Buncombe County.

As to the Motion to Remand, defendants contend that the amount in controversy exceeds the jurisdictional threshold of $75,000 and that complete diversity exists among the parties. Plaintiff contends that the amount in controversy does not exceed $37,000 and is comprised of two $15,000 payments under the franchise agreement and $7,000 of in-kind contributions of personal property. Defendants counter that a fair reading of all the allegations of the complaint reveals a minimum demand of $77,000.

The Supreme Court held in *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), as follows:

> There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.... Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow.

*Id.*, at 290–92, 58 S.Ct. 586 (footnotes omitted). While comity with state courts demands that a federal court presume that a jurisdictional amount is not met, the federal court, in determining whether the jurisdictional amount has been met, must look to the *face* of the complaint, not later-filed affidavits or, as here, motions to dismiss claims so as to avoid jurisdiction. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id.*

---

1. Inasmuch as transfer of this matter is appropriate under Section 1404(a), the motion that would have been case dispositive has not been substantively considered. As is the practice with this court, Section 1404(a) motions are disposed of by way of order under 28, United States Code, Section 636(b), and the standing orders of designation.

■ The Court of Appeals for the Third Circuit held that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir.1993). The court has reviewed plaintiff's detailed complaint and agrees that plaintiff seeks $37,000 as to his "First Claim for Relief Reimbursement After Recission of Contract." If that were all that plaintiff sought in his complaint, this court would have remanded the matter to state court. Plaintiff, however, made the following additional claims:

(1) fraud, for which he claims actual damages exceeding $10,000;

(2) negligent misrepresentation, for which he claims actual damages exceeding $10,000;

(3) conspiracy, for which he claims actual damages exceeding $10,000;

(4) conversion, for which he claims actual damages for injury to personalty and loss of use;

(5) breach of a lease agreement, for which he claims actual damages exceeding $10,000; and

(6) unfair and deceptive trade practices, for which he claims treble damages, which may be considered punitive and have not been considered for purposes of the pending motion.

A plain reading of the complaint yields an amount in controversy of *at least* $77,000, and probably more, based on depreciation and loss of use of productive business property in the form of two engine analyzers. Just as this court did not, defendants properly did not consider the potential punitive damages under the unfair-and-deceptive-trade-practices claim. Simple addition yields a claim of a minimum of $77,000, with a fair reading being well in excess of that amount.

■ Finding that diversity jurisdiction has been properly invoked and that remand is not warranted, the court will next consider transfer of·this matter to the Eastern District of Louisiana. Where parties to an action have made a contractual choice of forum, federal courts honor that agreement.

A forum selection clause is generally binding and will be enforced unless enforcement is "'unreasonable' under the circumstances." *See M/S BREMEN v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A choice of forum provision may be found unreasonable if (1) its formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). *National Enterprises, Inc. v. South Carolina Ins. Co.*, 165 F.3d 19 (table), 1998 WL 756893, at *2 (4th Cir.1998). Paragraph 24(C) of the Franchise Agreement provides, as follows:

This Agreement takes effect upon its acceptance and execution by SpeeDee. This Agreement shall be interpreted and construed under the laws of the State of Louisiana, which laws shall prevail in the event of any conflict of law .... All actions or proceedings instituted by any party relating to this franchise shall be instituted in the 24th Judicial District Court for the parish of Jefferson, Louisiana or in the United States District Court for the Eastern District of Louisiana ... and the parties do hereby waive

all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

Significantly, that paragraph is in regular 10–point readable typeface. While plaintiff has argued fraud as to that provision, it is neither fraudulent nor illegal on its face.

The factors pertinent to determination of appropriate venue in this district are set forth in *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F.Supp. 93 (W.D.N.C.1990). In that case, the court established a litany of considerations applicable to any motion to transfer.

In order to determine whether transfer is proper, a balance must be struck between the competing interests; and unless the balance is tipped strongly in favor of the moving party, *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir.1984), plaintiff's choice of forum should not be disturbed. Upon a motion to transfer, the moving party carries the burden, 1A Moore's Federal Practice, para. 0.345[5] at 4360 (Matthew Bender 1990); and the burden is heavy, *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F.Supp. 446, 451 (W.D.N.C.1989). Where, as here, the parties have contractually predetermined a forum contrary to the one selected by plaintiff, the burden shifts to the nonmoving party.

A defendant carries a particularly heavy burden when it moves pursuant to [Section] 1404(a) to transfer an action from a district where venue is proper. As this court has noted previously, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed."

*Phillips v. S. Gumpert Co., Inc.*, 627 F.Supp. 725, 726–27 (W.D.N.C.1986) (citations omitted) (quoting *Western Steer-Mom 'N' Pop's v. FMT Invs., Inc.*, 578 F.Supp. 260, 265 (W.D.N.C.1984)).

This district has developed an 11–step guide for determining whether transfer is proper. In *Jim Crockett Promotions, Inc. v. Action Media Group, Inc., supra*, Honorable Robert D. Potter, United States District Judge, set forth the relevant considerations:

1. The plaintiff's initial choice of forum;

2. The residence of the parties;

3. The relative ease of access of proof;

4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

5. The possibility of a view;

6. The enforceability of a judgment, if obtained;

7. The relative advantages and obstacles to a fair trial;

8. Other practical problems that make [sic] a trial easy, expeditious, and inexpensive;

9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and

11. The avoidance of unnecessary problems with conflict of laws.

*Id.* at 96. Courts should make both a quantitative and qualitative analysis of the factors. *McDevitt & Street Co. v. Fidelity and Deposit Co.*, 737 F.Supp. 351, 354 (W.D.N.C.1990).

In this case, the plaintiff's initial choice of forum is inapplicable, inasmuch as the Eastern District of Louisiana was designated by contract. This factor, therefore, favors transfer. Plaintiff resides in this

district, and all of the defendants appear to reside within the Eastern District of Louisiana. This factor, therefore, is neutral. The next factor—relative ease of access of proof and the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses—appears neutral, inasmuch as either forum would be equally inconvenient to one side. The possibility of a view is not relevant because the dispute is not so much over the physical facility, but the performance of the agreement. A judgment obtained in Louisiana could easily be transferred to and enforced in this district. Inasmuch as a federal court in Louisiana stands just as ready as this court to resolve this matter, there are no relative advantages or obstacles to a fair trial in either court or other practical problems that would preclude an easy, expeditious, and inexpensive trial. The court takes judicial notice that the Eastern District of Louisiana is a busy court; however, this district is ranked seventh in the country in case filings per judgeships. Inasmuch as this case concerns the operation of a business in the Asheville, North Carolina, community, the interest in having localized controversies settled at home slightly favors retention. That interest, however, is counterbalanced by Louisiana's interest in enforcing contracts made in its state that involve its individual and/or corporate residents. While plaintiff has attempted to assert claims under North Carolina law, the forum-selection provision clearly provides that Louisiana law will govern, making it appropriate to have the trial of this diversity case in a forum that is at home with the state law that must govern the action and, thereby, avoid unnecessary problems with conflict of laws.

Finding that the parties herein entered into a lawful forum-selection clause, which calls for resolution of this dispute in the Eastern District of Louisiana, and that the balance of all relevant factors weighs both quantitatively and qualitatively in favor of transfer to that district, the court will grant defendants' Motion to Transfer Venue.

### ORDER

**IT IS, THEREFORE, ORDERED that**

(1) plaintiff's Motion to Remand is **DENIED;**

(2) defendants' Motion to Transfer Venue is **ALLOWED,** in accordance with 28, United States Code, Section 1404(a), and this matter is **TRANSFERRED** to the Eastern District of Louisiana for disposition; and

(3) plaintiff's Motion to Dismiss is **DEFERRED** for resolution by the transferee court.

This Order is entered in response to defendants' Motion to Transfer Venue (# 5) and plaintiff's Motion to Remand (# 9) and in preliminary response to plaintiff's Motion for Entry of Voluntary Dismissal with Prejudice as to Plaintiff's Seventh Claim for Relief: Unfair and Deceptive Trade Practices (# 8).