The PRUDENTIAL INSURANCE COMPANY OF AMERICA

v.

Joan RODANO, a/k/a Joan C. Rodano, et al.

Civ. A. No. 80–303.

United States District Court, E. D. Pennsylvania.

July 9, 1980.

Peter C. Paul, Philadelphia, Pa., for plaintiff.

Leo A. Hackett, Media, Pa., for defendants Joan Rodano on her own behalf and on behalf of Rachel Rodano, a minor.

George A. Wilkinson, Jr., Hyattsville, Md. and James F. Mundy, Philadelphia, Pa., for defendants Susan C. Rodano on her own behalf and on behalf of Cynthia Dawn Rodano.

Steven K. Fedder, Baltimore, Md., for defendants American Life Ins. Co. and Nat. Travelers Life Ins. Co. (in Civ. Action 70–4097).

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Defendants Paul F. Rodano, Jr., Susan C. Rodano and Cynthia Dawn Rodano, a minor, by her mother and guardian, Susan C. Rodano, have moved for transfer of this action under 28 U.S.C. § 1404(a) to the United States District Court for the District of Maryland, sitting at Baltimore. The cases of *Rodano, et al. vs. The Prudential Insurance Company of America* (Civil Action No. 79–3893), and *Rodano, et al. v. American Life Insurance Company and National Travelers Insurance Company,* (Civil Action No. 79–4047) are hereby consolidated with the *Prudential Insurance Company of America v. Rodano, et al.* (Civil Action No. 80–0303) for the purposes of this Memorandum and Order. Upon consideration of the parties' affidavits and briefs, and for the reasons set forth below, the Motion will be granted.

Under 28 U.S.C. § 1404(a) a district court may order the transfer of a pending case to another district "[f]or the convenience of

parties and witnesses, in the interest of justice . . . ." Here, as is required, the transferee district is one in which the case might have been originally instituted.

■ The defendants, as the movants here, have the burden of proof. Since the plaintiff's choice of forum is to be given considerable weight, this burden is something greater than a mere preponderance of the evidence. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Kisko v. Penn Central Transp. Co.*, 408 F.Supp. 984, 986 (D.C.Pa.1976). Considering only those facts which are undisputed on the record as it stands, we conclude that the defendants have met their burden of proof. *Plum Tree, Inc. v. Stockment, supra.; Impervious Paint Industries, Ltd. v. Ashland Oil, Inc.*, 444 F.Supp. 465, 466 (E.D.Pa.1978). For the purposes of this motion, the following are undisputed on the present record:

1. These cases arise out of a dispute as to the proceeds of certain insurance policies issued by the plaintiff, the Prudential Insurance Company of America, on the life of John E. Rodano. Mr. Rodano died on October 28, 1978, in Silver Springs, Montgomery County, Maryland.

2. An interpleader action was initiated in this Court, although it could have been filed in the United States District Court for the District of Maryland.

3. Except for defendant, Joan Rodano, and minor defendant, Richard Rodano, all other parties are located in Maryland or in the immediately adjacent Metropolitan Washington, D.C. area. In addition, many of the witnesses, records and documents relating to the alleged change of beneficiaries and John E. Rodano's physical condition and mental competency to change the forms on October 27, 1978, are in Maryland or the Metropolitan Washington, D.C. area.

4. There are presently two interpleader actions filed in the United States District Court for the District of Maryland, sitting at Baltimore, which relate to life insurance policies insuring the life of the deceased, John E. Rodano. They have been instituted by the National Travelers Life Company and the American-Amicable Life Insurance Company, and both are before Judge Northrop.

5. A change of venue from Philadelphia to Baltimore would be a significant convenience to defendants, Susan C. Rodano and Cynthia Dawn Rodano, as well as to the witnesses Susan C. Rodano intends to call, all of whom are residents of Maryland or metropolitan Washington, D.C.

Given the foregoing facts, it is apparent that the plaintiff's choice of forum should not be controlling. First, it is clear that Maryland is the most convenient forum for a majority of the parties. Second, at this point it appears that a large number of witnesses live in or close to Baltimore. Therefore, transfer would be convenient for both the parties and their witnesses.

■ The most compelling reason for transfer is that it would best serve the interests of justice. The presence of two related cases in the transferee forum is a substantial reason to grant a change of venue. The interests of justice and the convenience of the parties and witnesses are ill-served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately. The substantial likelihood that this case will be consolidated with the two related cases pending in the United States District Court of Maryland, sitting at Baltimore, weighs heavily in favor of transfer.

In light of all the circumstances, the defendants have met their burden of showing that transfer is required under the policies enunciated in 28 U.S.C. § 1404(a).