**FIRST UNION NATIONAL BANK**
successor by merger to Fidelity
Bank, N.A.,

v.

**UNITED STATES of America.**

No. Civ.A. 98–CV–6445.

United States District Court,
E.D. Pennsylvania.

June 25, 1999.

Michael J. Cordone, Stevens & Lee, Philadelphia, PA, for plaintiff.

Charles M. Flesch, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The defendant, United States of America, has filed a motion to transfer venue in this case to the U.S. District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1402(a)(2). For the reasons set forth below, the motion is denied.

## Background

Plaintiff has filed its complaint to recover monies paid in satisfaction of two employment tax assessments made against it by the Internal Revenue Service under 26 U.S.C. § 6672. The Internal Revenue Service issued these assessments upon deeming Plaintiff's predecessor a responsible person for the withholding taxes of the corporation MM Group, Inc. This court has granted Plaintiff's Motion to Amend Complaint to bring claims against Mark Litton ("Litton") and Robert Casagrande ("Casagrande"), the officers and sole shareholders of MM Group.

Defendant brings this Motion to Change Venue in order to bring cross-claims against Litton based on the same taxes at issue in Plaintiff's complaint. Defendant contends that because Litton resides in Ohio and the employment taxes of MM Group accrued in Ohio, venue for a suit against Litton would properly lie in the U.S. District Court for the Southern District of Ohio.

## Discussion

Defendant's motion invokes 28 U.S.C. § 1402(a), which provides, in relevant part:

Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;

(2) In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation.... Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division.

Defendant contends that Plaintiff is a corporation and is thus subject to § 1402(a)(2). Case law favors Defendant's position that § 1402(a)(2) applies to banking associations. *See e.g. Hamilton National Bank of Johnson City v. United States*, 367 F.Supp. 1110, 1111 (E.D.Tenn. 1972).[1]

As Plaintiff's principal place of business is in North Carolina, Defendant relies on the last sentence of § 1402(a)(2) in seeking to transfer venue to the Southern District of Ohio. This phrase is identical to the transfer statute, 28 U.S.C. § 1404(a), which states that a transfer of a case may be made "for the convenience of the parties and witnesses and in the interest of justice ... to any district ... where it might have been brought." While § 1404 gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir.1970). The burden of establishing the need for transfer rests with the movant.

In ruling on a defendant's motion, the "plaintiff's choice of forum is a paramount consideration which should not lightly be disturbed." *Sovereign Bank, F.S.B. v. Rochester Community Savings Bank*, 907 F.Supp. 123, 126 (E.D.Pa.1995) (quoting *Weinstein v. Friedman*, 859 F.Supp. 786, 788 (E.D.Pa.1994)). *See also Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3rd Cir.1995). It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where

---

1. However, 28 U.S.C. § 1348 suggests that banking associations are distinct from corporations at least in terms of jurisdictional issues. Under this statute, national banking associations are deemed citizens of the States in which they are respectively located. In contrast, under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any State where it is incorporated and where its principal place of business is located.

the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based. *Jordan v. Delaware & Hudson Railway Co.,* 590 F.Supp. 997, 998 (E.D.Pa.1984). In considering convenience, the courts should consider the parties' residences, the residence of potential witnesses, the situs of events giving rise to the lawsuit, the location of records and documents and all other practical problems that make the trial of a case easy, expeditious, and inexpensive.

■ Applying these principles to the case at hand, we first observe that since 1989, when Plaintiff's predecessor commenced its loan relationship with MM Group, and continuing to the present day, neither Plaintiff nor its predecessor has maintained a place of business in Ohio. We note that a substantial part of the events or omissions giving rise to the claim occurred in Philadelphia.[2] Plaintiff contends that MM Group came to Philadelphia in 1989 to obtain loans for radio stations and began its loan relationship with Plaintiff's predecessor in this city. The loans were administered and amended in Pennsylvania, the loans and documents evidencing them were closed in Pennsylvania, and the tax at issue was paid to the IRS in Pennsylvania. Furthermore, the loan documents evidence Litton and Casagrande's consent to jurisdiction in the courts located in the Commonwealth of Pennsylvania and venue in the Eastern District of Pennsylvania. Although a forum selection clause does not carry dispositive weight, it is given substantial consideration in determining the most proper venue. *Jumara,* 55 F.3d at 880. Clearly, venue lies in the Eastern District of Pennsylvania.

In regard to the convenience factors, Plaintiff asserts the following: six of the eight witnesses that it presently intends to call are located within 100 miles of this Court; Defendant intends to call only two witnesses, Litton and Casagrande, who are located more than 100 miles from this Court. We agree with Plaintiff's argument that some witnesses will be required to travel whether this case is adjudicated in Ohio or in Pennsylvania. Given these facts, the convenience factor weighs in favor of venue in this Court.

Furthermore, this Court's recent granting of Plaintiff's Motion to Amend Complaint alleviates Defendant's concern about litigating the same issues and facts in two forums. Once Plaintiff joins Litton and Casagrande as additional defendants to its suit, Defendant can bring any cross-claims against Litton and Casagrande "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein...." Fed.R.Civ.P. 13(g). *See also Taubman v. United States,* 499 F.Supp. 1133 (E.D.Mich.1978), *aff'd* 635 F.2d 1215 (6th Cir.1980); *Commonwealth Nat'l Bank v. United States,* 665 F.2d 743 (5th Cir.1982).

In view of all of the foregoing, we cannot find that the defendant has met its burden of showing that the interests of justice and convenience of the parties and witnesses are best served through a transfer of this case to the Southern District of Ohio. For these reasons, the motion to transfer venue will be denied pursuant to the attached order.

## ORDER

AND NOW, this 25th day of June, 1999, upon consideration of Defendant's Motion to Transfer Venue and Plaintiff's Response thereto, it is hereby ordered that the Motion is DENIED for the reasons set forth in the preceding Memorandum.

---

2.  See 28 U.S.C. Section 1391(b)(2).