Joan E. WEBER, Plaintiff,

v.

BASIC COMFORT INC., Defendant.

No. 00–CV–6541.

United States District Court,
E.D. Pennsylvania.

April 17, 2001.

Scott J. Fields, Obermayer, Rebmann Maxwell & Hippel, Philadelphia, PA, for plaintiff.

Abbe F. Fletman, Zachary C. Glaser, Wolf, Block, Schorr and Solis-Cohen LLP, Philadelphia, PA, for defendant.

### *MEMORANDUM*

BUCKWALTER, District Judge.

Presently before this Court is a motion for transfer of venue pursuant to 28 U.S.C.

§ 1404(a) from the Eastern District of Pennsylvania to the District of Colorado. For the reasons stated below, the motion to transfer is GRANTED.

## I. STATEMENT OF FACTS

Plaintiff, a resident of California, designed and marketed a nursing bib under the trademark "Anytime, Anywhere." She patented the bib through her attorney who also resides in California. Plaintiff approached Defendant, a company that manufactures and distributes maternity products, and offered to license her product. Defendant declined and eventually began selling a similar bib.

Plaintiff sued Defendant in Pennsylvania for patent infringement. Defendant, in turn, sued Plaintiff in the District of Colorado seeking a declaratory judgment stating that it did not violate Plaintiff's patent. Defendant has now filed a motion with this Court seeking transfer of venue of this claim to the District of Colorado where Defendant's motion is pending.

## II. LEGAL STANDARD

■ A district court may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought. 28 U.S.C. § 1404(a). The purpose of this section is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 36–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).) Although § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally. *See Stewart Organization, Inc. v.*

*Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

■ In ruling on a motion to transfer, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3rd Cir.1995). The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district. If the first prong of the inquiry is satisfied, the court then should determine whether a transfer would be in the interests of justice. *Id.* at 879. It is important to note that the party moving to transfer a case on grounds of inconvenience has the burden of showing that the existing forum is inconvenient. *See Britamco Underwriters v. Raymond E. Wallace Productions, Inc.* 56 F.Supp.2d 542, 545 (E.D.Pa.1999).

## III. DISCUSSION

### A. Is Venue Proper in Colorado?

■ The threshold question in evaluating transfer is whether this suit could have been brought originally in the District of Colorado, the venue which Defendant currently seeks. *See Amalia, Inc. v. Conopco, Inc.,* No. 94–4182, 1995 WL 8055 *1, 1995 U.S. Dist. LEXIS 144, at *2 (E.D.Pa. Jan. 5, 1995) (citing 28 U.S.C. § 1404(a)). Any civil action where jurisdiction is not based solely on diversity of citizenship may be brought in the district in which a substantial part of the acts or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Moreover, the patent infringement statute allows for a suit to be brought in any jurisdiction "where the defendant resides, or where defendant committed acts of infringement and has a regular and established place of business." 28

U.S.C. § 1400(b). As Defendant is incorporated in Colorado, its sole place of business is located in Colorado, and the alleged patent infringement also occurred in that state, venue would have been proper had Plaintiff initially filed this suit in Colorado.

## B. Balancing Interests of Justice and Convenience of Parties and Witnesses

■ The second part of the transfer analysis requires a balancing of the interests of justice and the convenience of parties and witnesses. A court considers both private and public interests including such factors as: (1) the convenience and preference of the parties, including plaintiff's choice of forum; (2) the convenience of witnesses; (3) access to sources of proof such as books and records; (4) practical considerations that make litigation easy, expeditious or inexpensive; (5) the relative calendar congestion of the two competing districts; (6) where the events at issue took place and the interest of the respective courts in deciding local controversies; (7) the enforceability of any judgment and (8) the familiarity of the trial judge with the applicable law. *See Jumara,* 55 F.3d at 879–880.

### 1. *Convenience of Parties and Plaintiff's Choice of Forum*

■ The plaintiff's choice of forum is a significant consideration that should not be disturbed lightly. *See First Union National Bank v. United States,* 55 F.Supp.2d 331, 332 (E.D.Pa.1999). However, where Plaintiff chooses a forum other than her state of residence, her choice is given less weight. *See Sovereign Bank, F.S.B. v. Rochester Community Savings Bank,* 907 F.Supp. 123, 126 (E.D.Pa.1995).

Plaintiff has chosen to bring her suit in Pennsylvania where she has retained counsel to handle "her licensing and enforcement activities, the sole legal and business activities involving the patent-in-suit." Pl.'s Resp. at 6. Plaintiff does not indicate that she conducts frequent business in Pennsylvania or maintains a significant presence here apart from this suit. Therefore, Plaintiff's only contact within this jurisdiction appears to be through her attorney's office and as the convenience of the litigating attorneys should not be considered in evaluating transfer of venue, this fact does not weigh in favor of preserving her choice of venue. *See Lifescan v. Polymer Technology International Corp.,* No. 93–6983, 1994 WL 161375 *4, 1994 U.S. Dist. LEXIS 5531, at *12 (E.D.Pa. Apr. 28, 1994). Therefore, as this jurisdiction is neither Plaintiff's place of residence nor a location where she maintains significant contacts, Plaintiff's choice of forum does not require a decision in her favor.

As to the relative convenience of the two forums, Plaintiff works and resides in California and Defendant is located in and operates its business from Colorado. Geography suggests that transferring the forum from Pennsylvania to Colorado would be more convenient for both parties as this shift would substantially diminish the distance parties must travel to the forum. Nonetheless, the Court is sensitive to Plaintiff's claim that her lack of contacts within Colorado would create a financial burden. However, the nature of the dispute and the type of witnesses and evidence necessary for this case do not suggest that the cost of litigating in Colorado would be greater than in Pennsylvania. Similarly, Plaintiff does not indicate any personal contacts in Pennsylvania that would affect the cost or convenience to her during the litigation. For these reasons, this factor weighs in favor of transfer.

### 2. *Convenience of Witnesses*

Again, based solely on geography, Colorado is more convenient for almost every

witness. All of Defendant's witnesses are located in Colorado or maintain a presence there on account of their work with Defendant. Plaintiff and her patent attorney are located in California, making the trip to Colorado less financially burdensome and less time consuming than the trip to Pennsylvania. Plaintiff plans to introduce two witnesses, one who resides in New York and the other in Illinois. While Pennsylvania is a more convenient forum for the New York resident, this individual's convenience does not outweigh that of all the other potential witnesses.

### 3. *Access to Sources of Proof*

For the most part this case relies on comparison of documents. Plaintiff claims that her Pennsylvania counsel has possession of all relevant materials, and Defendant cites Plaintiff's statement that these documents fit into a single box. While this fact is not inherently persuasive, it does suggest that transporting Plaintiff's resources to Colorado would not be overly burdensome or complicated.

### 4. *Practical Considerations*

The Supreme Court has stated that to permit a situation in which two cases involving precisely the same issues are simultaneously pending in two different district courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. *See Continental Grain*, 364 U.S. at 26, 80 S.Ct. 1470. Therefore, courts have found that the presence of related cases in the transferee forum is a reason to grant a transfer. *See, e.g., Prudential Insurance Company of America v. Rodano*, 493 F.Supp. 954, 955 (E.D.Pa.1980); *Jontri Transp. Co. v. North Bank Dev. Co.*, 1990 WL 121511, 1990 U.S. Dist. LEXIS 10857 (E.D.Pa. Aug. 15, 1990). This consideration is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest the opposite. *See Blanning v. Tisch*, 378 F.Supp. 1058, 1061 (E.D.Pa.1974).

In this case, the existence of Defendant's claim in the District of Colorado does weigh in favor of transfer. Both Plaintiff's claim and Defendant's involve the same set of facts and evidence. Therefore, litigating the claims twice would waste judicial resources and those of the parties. This fact taken in concert with those discussed herein point in favor of transfer.

### 5. *Interests of the State*

In evaluating a change of venue, the Court may consider each forum's interest in resolving the suit in its courts. Plaintiff alleges that Pennsylvania has a particular interest in the resolution of this suit on account of the sale of Defendant's products in this state. Plaintiff even highlights a potential safety risk with one of Defendant's products. However, no evidence has been offered suggesting that *this* product poses a safety risk. Moreover, as this case is one brought under federal law for patent infringement and the alleged misconduct would have occurred in Colorado where Defendant allegedly developed the challenged product, Pennsylvania has no unique interest over the outcome of this suit.

### 6. *Relative Calendar Congestion of the Courts*

The two potential forums share similar schedules so this factor does not suggest a preference for one over the other.

### 7. *Enforceability of Judgment and Familiarity of Judge with Applicable Law*

These two factors can be evaluated together. As the cause of action derives

from federal statute and patent laws preempt state law, the federal judge in either forum will be qualified to adjudicate this case. Similarly enforcement should occur equally in each forum.

## C. Additional Factor

Shortly after this suit had been brought in this jurisdiction, Defendant filed a similar action in the District of Colorado. Plaintiff contends that this action violated the "first-to-file" rule which Plaintiff alleged would require the case to remain in the jurisdiction where it was initially filed. The Tenth Circuit authority which Plaintiff cited interprets this rule more narrowly stating that the district court where the first action was filed is entitled to decide whether venue is appropriate. *See Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir.1982) (stating "our view that the court which first obtains jurisdiction should be allowed to first decide issues of venue.") In light of this holding and the fact that this Court is evaluating whether venue is proper in the District of Colorado, the "first-to-file" rule does not affect the balancing of factors in deciding venue.

## IV. CONCLUSION

After balancing the public and private factors, the Court finds transfer of venue to the District of Colorado appropriate in this case. The Court's interest in having related cases litigated in the same jurisdiction and the geographic convenience Colorado offers the parties and the majority of their witnesses weigh heavily in favor of transferring venue. For these reasons, Defendant's motion for transfer is granted in its entirety.