PRO SPICE, INC., Plaintiff,

v.

OMNI TRADE GROUP,
INC., Defendant.

No. CIV.A. 01–CV–1661.

United States District Court,
E.D. Pennsylvania.

Sept. 20, 2001.

Jonathan L. Swichar, Duane, Morris, & Heckscher, LLP, Philadelphia, PA, Steven M. Richman, Duane Morris & Heckscher, LLP, Princeton, NJ, for plaintiff.

William J. Leahy, Littler Mendelson, Philadelphia, PA, Eric A. Savage, Littler Mendelson, Newark, NJ, for defendant.

### *MEMORANDUM*

BUCKWALTER, District Judge.

Presently before this Court is Defendant's motion to dismiss for improper venue or, in the alternative, for transfer of venue pursuant to 28 U.S.C. § 1404(a) from the Eastern District of Pennsylvania ·to the Northern District of Texas. For the reasons stated below, the motion is DENIED in its entirety.

## I. STATEMENT OF FACTS

Plaintiff Pro Spice, Inc. is a New Jersey corporation engaged in the business of importing and exporting spices, with its principal place of business in Ridgewood, New Jersey. Defendant Omni Trade Group, Inc. is a Texas corporation also engaged in the import-export business, with its principal place of business in Dallas, Texas. Plaintiff claims breach of contract against Defendant pursuant to an alleged agreement for purchase of vanilla beans from the Defendant in December 1999.

Prior to that alleged sale, in November 1999 Defendant and Plaintiff engaged in two similar transactions in which Defendant also sold various types of vanilla beans to Plaintiff. Jim Pallone, the Vice President of Plaintiff, and Andyan Rahardja, the President of Defendant, negotiated terms via telephone and correspondence between Texas and New Jersey. At the conclusion of negotiations, Defendant informed Plaintiff that the vanilla beans were located in Lancaster, Pennsylvania. Defendant instructed Plaintiff to contact either Michael Ballantine or another rep-

resentative of Shank's Extracts, Inc. ("Shank's") in Lancaster to take delivery subject to Plaintiff's inspection of a sample of the beans. Defendant also instructed Plaintiff to pay it by wire transfer, but later revised its instructions to pay York Import Export/SIE Trading, Inc. ("York") which Defendant asserts is one of its suppliers in Pennsylvania. Plaintiff inspected and picked up the vanilla beans in Lancaster.

The parties engaged in a second sale of vanilla beans later in November 1999. Again, the parties negotiated terms via telephone and correspondence between Texas and New Jersey. Again, Plaintiff agreed to purchase certain beans for pick-up in Lancaster. This time, Plaintiff paid Defendant by wire transfer to Texas. Again, Plaintiff picked up the beans in Lancaster.

Finally, the parties exchanged correspondence and engaged in conversations in December 1999 in anticipation of a third sale of vanilla beans. During this time, Defendant made various written offers to sell vanilla beans to Plaintiff for pick-up in Pennsylvania. According to Plaintiff, on December 7, 1999 it agreed (on behalf of Comiti, a Swiss company) to purchase a shipment of certain vanilla beans from Defendant for pick-up in January 2000 at Shank's in Lancaster. Defendant asserts it did not enter into such an agreement. In any case, Defendant informed Plaintiff of a supplier-related problem concerning that shipment, and, later that month, notified Plaintiff by e-mail that Michael Ballantine of Shank's would report on the status of the shipment upon his return from travel abroad. Nonetheless, Defendant did not make the shipment available for pick-up in Pennsylvania by the end of January 2000.

In its complaint before this Court, Plaintiff asserts that Defendant breached its contract and further alleges that the Defendant acted "in concert with Shanks and York" at all times.[1] Plaintiff asserts that Mr. Ballantine is a key witness in this matter, at least in part because it alleges he is affiliated with both Shanks and York, because Plaintiff dealt directly with him regarding pick-up of the vanilla beans during the two earlier transactions, and because of his alleged involvement concerning the shipment of beans at issue.

## II. LEGAL STANDARD

### A. Improper Venue

Defendant challenges venue under 28 U.S.C. § 1391(a), which provides that a diversity of citizenship action may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." The venue statute protects a defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

---

1. In April 2000, Plaintiff filed suit against Defendant, Shank's and York in the United States District Court for the District of New Jersey. The claims against Defendant were subsequently dismissed for lack of personal jurisdiction. That suit remains pending against Shank's and York, and, Plaintiff asserts, is the reason those parties have not been joined in the action before this Court.

Defendant is a Texas corporation with its principal place of business in Texas. Therefore, venue would be proper in the Northern District of Texas, and Plaintiff concedes this issue. As a result, venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(a) only if "a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this district. Under this analysis, a court considers the location of those events or omissions that give rise to the plaintiff's claim and not the defendant's contacts with a particular district. *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir.1994). The events and omissions supporting the claim must be more than tangentially connected to the district to be considered to be substantial, "to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* However, the burden of demonstrating that venue is improper is on the party that challenges venue. *Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724–725 (3d Cir.1982), *cert. denied.,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983); *Simon v. Ward,* 80 F.Supp.2d 464, 466–68 (E.D.Pa.2000).

**B. Transfer of Venue**

A court may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought. 28 U.S.C. § 1404(a). The purpose of this section is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). Al-though § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally. *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970).

In ruling on a motion to transfer, a court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995). The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district. If the first prong of the inquiry is satisfied, the court determines whether a transfer would be appropriate by weighing a series of private and public factors. *Id.* The party moving to transfer a case on grounds of inconvenience has the burden of showing that the existing forum is inconvenient. *Id.*

**III. DISCUSSION**

**A. Is Venue Proper in the Eastern District of Pennsylvania?**

Under *Cottman,* a court considers the location and substantiality of the acts or omissions giving rise to the claim involved to determine whether venue is proper under 28 U.S.C. § 1391(a)(2). Therefore, it is irrelevant that Defendant asserts that it has no office, operations, real estate, bank accounts, agents, subcontractors or independent representatives in Pennsylvania, that it is not authorized to do business, and that it has neither filed tax returns nor reached out for customers here. With regard to the claim at issue, Defendant asserts that the only connection Pennsylvania has to this suit is the presence of two third-party witnesses, Shank's and York, with no proven involvement in the transaction.

■ The record belies Defendant's assertions. It is undisputed that during negotiations for the alleged purchase of vanilla beans, Defendant offered to make delivery of beans to Pennsylvania for Plaintiff's pick-up in Pennsylvania. Plaintiff alleges the agreement that was subsequently reached specified that the beans were to be delivered to and picked up in Pennsylvania, and documented those terms in correspondence to Defendant on the day the agreement was allegedly struck. Common sense and prior dealing between the parties suggest that under the contract alleged by Plaintiff, the parties would need to communicate with individuals in Pennsylvania to fulfill its terms. In fact, after a problem occurred with the shipment in question, the e-mail sent by Defendant to Plaintiff strongly suggests that the Defendant was in communication with Mike Ballantine of Shank's about its status. Finally, and significantly, it is undisputed that Defendant failed to make the beans available in Pennsylvania for pick-up in January 2000 as the alleged contract required—the key omission as alleged by Plaintiff. In summary, Pennsylvania is by no means tangential to Plaintiff's claim— the record reveals it is indeed a place where a substantial part of the acts or omissions giving rise to the claim occurred. Defendant has cited no case law to meet its burden of demonstrating that venue in Pennsylvania is improper under the facts of this case. This Court finds venue is proper under 28 U.S.C. § 1391(a).

### B. Is Transfer of Venue to the Northern District of Texas Appropriate?

#### 1. Could the Action Have Been Brought in the Northern District of Texas?

A court's threshold question in evaluating transfer is whether this suit could have been brought originally in the venue which Defendant currently seeks, the Northern District of Texas. As noted above, Plaintiff concedes this point, as Defendant is a Texas corporation with its principal place of business in the Northern District of Texas.

#### 2. Would a Transfer to the Northern District of Texas be in the Interests of Justice and for the Convenience of the Witnesses and Parties?

■ The second part of the transfer analysis requires a weighing of the interests of justice and the convenience of parties and witnesses. A court should consider both private and public factors. The private factors include: the plaintiff's choice of forum as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses— but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public factors include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interests in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with applicable state law in diversity cases. *See Jumara,* 55 F.3d at 879–880. The factors that are relevant and that have been identified by the parties will be addressed in turn. However, again, it should be noted that the burden is on the defen-

dant, as movant, to make an evidentiary showing regarding these factors. *See Jumara*, 55 F.3d at 879; *Simon*, 80 F.Supp.2d at 470.

### a. Private Factors

 Plaintiff's choice of forum is significant consideration that should not be disturbed lightly. *See First Union Nat'l Bank v. United States*, 55 F.Supp.2d 331, 332 (E.D.Pa.1999); *Weber v. Basic Comfort, Inc.*, 155 F.Supp.2d 283, 284–85 (E.D.Pa.2001). Where plaintiff chooses a forum other than her state of residence or the situs of the occurrence upon which the suit is based, her choice is given less weight. *See Remick v. Manfredy*, 138 F.Supp.2d 652, 655 (E.D.Pa.2001). Unless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 197 (D.Del.1998) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970)).

 Plaintiff chose to file this lawsuit in the Eastern District of Pennsylvania. Although Pennsylvania is not Plaintiff's state of residence, it is linked to the claims in its lawsuit, as explained above. Furthermore, Plaintiff chose to bring this action in Pennsylvania, presumably in part for its geographical convenience, only after its claims against Defendant were dismissed for lack of personal jurisdiction in New Jersey. Therefore, this Court will afford Plaintiff's choice of venue substantial weight, and this factor weighs heavily against transfer.[2]

As for Defendant's convenience, it asserts that it would greatly disrupt its business operations to litigate this case in Pennsylvania, where it has no facilities and to which its employees do not regularly travel. However, other than a conclusory affidavit by Mr. Rahardja (Defendant's key witness in the case) there is no further documentation or explanation of this contention in the record. Furthermore, such an assertion is belied by the record supplied by the Plaintiff, including correspondence that suggests that Mr. Rahardja frequently travels away from Texas frequently, often much farther than Philadelphia. Doubtless it is inconvenient for Defendant to litigate this case in Pennsylvania. However, there is no reason in the record for this Court to believe that it would not be substantially equally as burdensome for the Plaintiff to prosecute it in Texas. Therefore, Defendant has not met its burden and the convenience of the parties does not weigh in favor of transfer.

As for the convenience of witnesses and the locations of relevant books and records, Texas is again no doubt more convenient for the Defendant's witnesses and is the location of its books and records. However, the Defendant has offered no evidence of specific witnesses (other than Mr. Rahardja) or other documentary evidence that would be impossible or burdensome for it to produce in this district. In any case, Texas is similarly inconvenient for the Plaintiff to produce its witnesses, books and records. Additionally, Pennsylvania is a more convenient state than Texas for Plaintiff's key non-party witness, Mr. Ballantine, and the books and records

---

**2.** Defendant points to *Weber* as an instance when this Court did not defer to an out-of-state plaintiff's choice of venue in Pennsylvania. However, in that case the transferee court in Colorado was actually geographically *more* convenient venue for the plaintiff, a resident of California. Pennsylvania was only more convenient for her lawyer, which is not an appropriate factor for a court to consider. *Id.* at 284–85. In fact, the only relationship the plaintiff or the lawsuit had with Pennsylvania in that case were that the plaintiff's litigating attorneys were located here.

of Shank's and York are in Pennsylvania. Although Plaintiff has not contended that either Mr. Ballantine or these records would be unavailable for trial in Texas, they are nonetheless outside the subpoena power of a court in the Northern District of Texas. This Court finds that again Defendant has not met its burden and that this factor weighs against transfer.

### b. Public Factors

Defendant does not point to any differences in the enforceability of judgments, court congestion, or familiarity of judges with applicable law that would weigh in favor of transfer. Defendant does argue that as a matter of public policy, Pennsylvania courts do not have an interest in deciding a contract dispute between New Jersey and Texas companies with no underlying connection to Pennsylvania. Although the contract at issue is connected to Pennsylvania in a variety of ways, this Court concedes that Pennsylvania would have a greater public interest in this lawsuit if one of the parties were located in Pennsylvania. This Court finds that Texas's interest is slightly greater than Pennsylvania's, and this factor does weigh slightly in favor of transfer. However, when considering all the relevant public and private factors, it is outweighed by the series of more significant considerations that counsel against transfer.

### IV. CONCLUSION

The Court finds that venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(a) since a substantial part of the acts or omissions giving rise to the claim occurred here. The Court further finds that, after weighing the relevant public and private factors, transfer of venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) is inappropriate in this case. Defendant has not made the required showing that on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to the Northern District of Texas, thereby overriding Plaintiff's choice of venue. For these reasons, Defendant's motion for dismissal or, in the alternative, transfer is denied.

An appropriate order follows.

### ORDER

AND NOW, this 20th day of September, 2001, upon consideration of Defendant's Motion to Dismiss for Improper Venue, or, in the Alternative, Transfer pursuant to 28 U.S.C. § 1404(a) (Docket No. 10), Plaintiff's response thereto (Docket No. 12), Defendant's Reply (Docket No. 14) and Plaintiff's Sur-reply (Docket No. 16), it is hereby ORDERED that Defendant's motion is DENIED.