**SAMSUNG SDI CO., LTD, a corporation, Plaintiff,**

v.

**MATSUSHITA ELECTRIC INDUSTRIAL CO., Ltd., a corporation, and Panasonic Corporation of North America, a corporation, Defendants.**

**Civil Action No. 05–1680.**

United States District Court, W.D. Pennsylvania.

Feb. 28, 2006.

---

630

Dale B. Nixon, James P. Bradley, John A. Dondrea, Mark A. Dodd, Sidley Austin, LLP, Dallas, TX, David T. Miyamoto, Edward G. Poplawski, Franklin D. Kang, Olivia M. Kim, Paul D. Tripodi, II, Sandra Fujiyama, Sidley Austin, Los Angeles, CA, James M. Singer, Jessica Beckett–McWalter, Kristy L. Rizzo, Jeffrey G. Wilhelm, Pepper Hamilton, Pittsburgh, PA, for Plaintiff.

Andre De La Cruz, Mark P. Wine, Tiffany M. Scurry, McDermott Will & Emery, Los Angeles, CA, Daniel R. Foster, Jennifer L. Yokoyama, Matthew L. Jacobs, Matthew F. Weil, Rania C. Sarkis, McDermott Will & Emery, Irvine, CA, Eric S. Johnson, Jack Q. Lever, Jr., Melvin White, Shamita D. Etienne–Cummings, McDermott, Will & Emery, Washington, DC, John Owen Gilmore, McDermott Will & Emery Palo Alto, CA, Alan B. Rosenthal, Timothy C. Wolfson, Babst, Calland, Clements & Zomnir, Pittsburgh, PA, for Defendants.

### OPINION and ORDER OF COURT

AMBROSE, Chief Judge.

### SYNOPSIS

Defendants seek a transfer of this patent infringement action to a more convenient forum under 28 U.S.C. § 1404(a). Defendants contend that litigating this action in California, where the parties are engaged in other litigation concerning similar patents, would be more convenient both to the parties and witnesses and would best serve the interests of justice. Plaintiff wants the litigation to remain here. After careful consideration, I will deny the Motion.

### OPINION

Plaintiff Samsung SDI Co., Ltd. ("SDI") holds numerous patents relating to the field of plasma display television sets. It has commenced this action against Defendants Matsushita Electrical Industrial Co., Ltd. ("MEI") and Panasonic Corporation of North America ("Panasonic") for infringement of certain of these patents.[1] MEI and Panasonic assert counterclaims for a declaratory judgment of noninfringement and invalidity of the patents.

MEI and Panasonic have filed a Motion to Transfer Venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). (Docket No. 14) MEI and Panasonic urge that transferring this action to the Central District of California would best serve the interests of the parties, the witnesses and justice. SDI responds that MEI and Panasonic have not proffered any evidence to substantiate this claim.

After careful consideration, I agree that MEI and Panasonic have not met their burden. However, because I find that this litigation has no connection to the Western District of Pennsylvania, I will permit MEI and Panasonic to file a renewed Motion to Transfer, as set forth in the accompanying Order.

---

1. U.S. Patent No. 6,674,237 ("the '237 Patent"), U.S. Patent No. 6,828,731 ("the '731 Patent") and U.S. Patent No. 6,884,142 ("the '142 Patent").

### STANDARD

■ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of establishing the need for transfer. *See Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir.1995), *citing,* 1A PT. 2 MOORE'S ¶.0345151; *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

### ANALYSIS

■ Before assessing whether the convenience of the parties and witnesses and the interests of justice favor a transfer, the movant must first prove that the litigation could have been brought in the transferee forum. Here, there is no dispute that SDI could have initiated this suit in the Central District of California. As such, I need not dwell on this requirement and can turn to considerations of convenience and justice.

■ Though the statute references only "convenience" and the "interests of justice," the statute has been interpreted broadly so as to include other factors as well. Indeed, the Third Circuit court instructs that a court should "'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice better served by transfer to a different forum.'" *Jumara,* 55 F.3d at 879, *quoting,* 15 WRIGHT, MILLER & COOPER ¶ 3847. Those factors are traditionally grouped into two categories-private interests and public interests. The "private" interests include:

plaintiff's choice of forum; defendant's preference; the "center of gravity" for the claim; the convenience of the parties and witnesses and the location of the books and records. *Jumara,* 55 F.3d at 879 (citations omitted). The "public" interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the local interest in deciding local controversies at home; the public policy of the fora; and the trial court's familiarity with the applicable law. *Id.,* at 879–880.

### A. PRIVATE INTERESTS

*(1) Plaintiff's Choice of Forum*

■ Ordinarily, a plaintiff's choice of forum is accorded great weight. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) (stating that a plaintiff's choice of forum is a paramount consideration and should not be lightly disturbed). Yet that choice is given less deference when the plaintiff chooses a forum outside his or her state of residence. *See EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc.*, 379 F.Supp.2d 728, 730 (E.D.Pa.2005), *citing, Weber v. Basic Comfort, Inc.*, 155 F.Supp.2d 283, 285 (E.D.Pa.2001). Here, SDI is a Korean corporation with its principle place of business in Seoul, Korea. SDI does not mention having facilities of any kind in the Western District of Pennsylvania. Consequently, although SDI's choice of forum weighs against transfer, less significance is accorded this preference than if SDI's home forum were Pennsylvania.[2]

*(2) Defendants' Preference*

■ "Defendant's preference is entitled to considerably less weight than Plaintiff's,

---

**2.** SDI does claim to have "rational" and "compelling" reasons for choosing this form. As those reasons involve other considerations (i.e., where the center of gravity is for this case and the efficiency of the local rules), I will defer discussing those reasons until later in this Opinion.

as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Technology,* 379 F.Supp.2d at 730, *citing, Superior Precast, Inc. v. Safeco Ins. Co. Of America,* 71 F.Supp.2d 438, 446 (E.D.Pa.1999). Nevertheless, MEI's and Panasonic's forum preference weighs in favor of transfer.

### (3) *Where the Claim Arose*

■ Courts also consider whether the claim arose elsewhere. "In patent infringement cases, the 'preferred forum is that which is the center of gravity of the accused activity.'" *Saint–Gobain Calmar Inc. v. National Products Corp.,* 230 F.Supp.2d 655, 660 (E.D.Pa.2002), *citing, Renzetti Inc. v. D.H. Thompson, Inc.,* 1997 WL 230806 (E.D.Pa.1997). "The 'center of gravity' for such a claim is in the district court where the alleged infringement occurred. In finding that 'center of gravity,' a district court 'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'" *Saint–Gobain,* 230 F.Supp.2d at 660, *citing, Renzetti,* 1997 WL 230806 at *9 and *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1188 (N.D.Ill.1983). "Appropriate considerations include the location of a products development, testing, research and production [and] the place where marketing and sales decisions were made, rather than where limited sales activity has occurred.'" *id.,quoting, Ricoh Co. Ltd. v. Honeywell Inc.,* 817 F.Supp. 473, 482 n. 17 (D.N.J.1993).

At this point, it is clear to me that Western Pennsylvania is not the center of gravity for this case. I am unsure, however, what is the center of gravity. Certainly neither MEI nor Panasonic have proffered any evidence concerning where the allegedly infringing products are developed or tested, where research was conducted, where production occurred or where sales and marketing exist. Both parties agree that the allegedly infringing products have been sold in this district, but clearly these products are sold nationally as well. The Defendants, as movants, have the burden of convincing me that the center of gravity is more accurately described as California than Pennsylvania.

The only information offered by SDI suggests that the center of gravity may be New Jersey, or perhaps Delaware. SDI points out that MEI's major North American subsidiary is headquartered in Secaucus, New Jersey. SDI also contends that the accused devices are distributed from Panasonic's New Jersey headquarters. SDI further represents that Panasonic's Plasma Display Laboratory of America is located in New York, and that additional Panasonic facilities are located in New Jersey.

Clearly then, Western Pennsylvania is not the center of gravity for this case. So this factor does not weigh in favor of keeping venue here. Yet, as MEI and Panasonic have not proffered any evidence suggesting that the center of gravity is more appropriately described as being the Central District of California, neither does this factor favor transfer. It is neutral.

### (4) *Convenience of the Parties*

■ The convenience of the parties "as indicated by their relative physical and financial condition" should also inform a court in determining whether transfer is appropriate. *Jumara,* 55 F.3d at 879 (citations omitted). As concerning the parties' relative financial conditions, none have proffered any arguments regarding their financial ability to litigate in either forum. All parties involved in this suit are major producers of electronic consumer goods and presumably have the financial wherewithal to litigate in either forum.

As to the relative physical location, neither SDI nor Defendants are Pennsylvania residents. As everyone would have to travel to Pennsylvania for litigation, Pennsylvania does not appear to be particularly convenient for anyone involved. Additionally, as mentioned below, SDI is currently conducting litigation in the proposed transferee forum on patents that also relate to the field of plasma display television. Indeed, Defendants are parties to that suit as well. Consequently, 1 would be hard pressed to accept an argument from SDI that litigation in California would be inconvenient for it.

MEI and Panasonic urge that some of Panasonic's California operations "involve the technology at issue" and that certain of its California employees "have knowledge of the technology at issue." (*see* Watanabe Dec., ¶ 7). However, these assertions are vague. Defendants have not identified the particular "business operations" nor have they explained how those operations would play a role in the litigation. Neither have Defendants identified any particular employees whose knowledge of the technology at issue would be relevant to this litigation. Thus, while this factor does not favor keeping this case in the Western District of Pennsylvania, neither does it favor transferring the case to California.

### (5) *Convenience of the Witnesses*

As with the convenience of the parties, the convenience of the witnesses is a neutral factor. As movants, MEI and Panasonic bear the burden of demonstrating how litigating in California would be more convenient for witnesses than litigating in the Western District of Pennsylvania. Yet they have failed to identify even a single witness who resides in California, or even on the west Coast. Nor have they explained how witnesses who might other-

wise be unavailable for trial in Pennsylvania would be available for trial in California. On the other hand, while I fully acknowledge that the burden lies with MEI and Panasonic, 1 note that SDI has not argued that litigating in California would be inconvenient for its witnesses.

### (6) *Location of Books and Records*

While courts traditionally examine the location of books and records in weighing a motion to transfer, technological advances would seem to limit the import of this factor. *See Wojtunik v. Kealy,* Civ. No. 02–8410, 2003 WL 22006240 at * 10 (E.D.Pa. Aug. 26, 2003). Here, neither party contends that they would be unable to produce, or would have difficulty producing, the records in either forum. Consequently, this factor is neutral.

### *PUBLIC INTERESTS*

Public interests include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora and the familiarity of the trial judge with the applicable law. *Jumara,* 55 F.3d at 879–880.

Many of these public interest factors are inapplicable. Factors such as the enforceability of the judgment, public policies, and the familiarity of the trial judge with the applicable law are neutral here because the causes of action at issue arise under federal law. I also note that neither party has proffered evidence regarding the relative congestion of the respective courts' dockets.

SDI does urge, however, that certain practical considerations weigh in favor of keeping the litigation in this forum. Ac-

cording to SDI, the local patent rules adopted in this District will make this trial more expeditious and inexpensive. Yet MEI and Panasonic counter that other practical considerations favor transfer. As mentioned above, SDI commenced litigation against MEI and Panasonic (as well as others) in the Central District of California on the same day it commenced this litigation. The California litigation focuses, as does this case, on the alleged infringement of patents relating to plasma display technology. MEI and Panasonic urge that having one court consider all patents would be the most expeditious, inexpensive and practical approach.

To the extent that MEI's and Panasonic's argument is premised upon the belief that the patents at issue in this litigation and the patents at issue in the California litigation must be construed together, and in light of each other, I disagree. Each patent stands alone for purposes of construction. Certainly disputed terms in patents may be defined according to how those skilled in the relevant field would interpret them, and likely those in the relevant field would interpret the same terms used in different patents in the same or a similar manner. Yet such evidence can come in through expert testimony. Having said that, however, I do believe that there would be a distinct advantage to having one court handle both cases. I acknowledge SDI's arguments that the Pennsylvania patents relate to the "micro level structure" on the interior surface of a plasma display panel while the California patents do not, yet they all relate to plasma display technology. Certainly there would be a learning curve for a federal judge to understand the basic workings of plasma display technology. Engaging in that learning curve once, with one judge, is understandably more efficient and inexpensive than having to educate two judges.

Consequently, I find that this factor favors transfer.

The only other relevant public interest factor concerns the local interest in having local controversies decided at home. Clearly, this litigation does not concern a "local controversy." Indeed, there is no "local interest" in this case at all. None of the parties are from this venue and none of the products are produced here. As the products are admittedly sold throughout the United States, the fact that some are sold here does not convert this case to one of "local interest." Consequently, "[t]here is no reason why this Court or jurors from this community should bear the burden of overseeing the resolution of this potentially lengthy and complex patent dispute between" non-Pennsylvanian corporations. *Saint–Gobain Calmar Inc. v. National Products Corp.*, 230 F.Supp.2d 655, 662 (E.D.Pa.2002). That said, however, MEI and Panasonic have not proffered any evidence suggesting that California has any local interest in this case either. By transferring this case then, I would merely be shifting the burden from one community to another. As such, I find this factor to be neutral.

### CONCLUSION

As stated above, MEI and Panasonic have made several arguments in support of a transfer. SDI's opposition is not convincing, save in one aspect. SDI is correct in its assessment that MEI and Panasonic have not come forward with the evidence necessary to support their contention that a transfer of this litigation to the Central District of California would be more convenient for the parties and the witnesses and would better serve the interests of justice. If MEI and Panasonic could muster such evidence, I would be inclined to grant the Motion, as this litigation has absolutely nothing to do with this venue.

Accordingly, I will deny the Motion to Transfer, but will give the Defendants leave to file supplemental documentation in support of their Motion. As explained by the Third Circuit court in *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757 n. 2 (3d Cir.1973):

> [e]xamples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate.

The Defendants should also provide more specific information regarding the nature of their "California operations" and employees and how those operations and employees would be relevant to this suit.

### ORDER OF COURT

AND NOW, this **28th** day of February, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Transfer (Docket No. 14) is DENIED, without prejudice for the Defendants to file a Renewed Motion to Transfer within 15 days of the date of this Order. That Renewed Motion should be accompanied by the documentary evidence identified in the Opinion which would support such a Motion. Should the Defendants choose to file a Renewed Motion, Plaintiff would have 10 days within which to file a Response.

As the parties have already fully briefed the law on this matter, the Court anticipates subsequent filings as being limited to facts not already set forth in the Defendants' submissions. Accordingly, filings by either party should not exceed 10 pages.